THE BLUE VALLEY BANK, PLAINTIFF IN ERROR, V. CLEMENT BANE & CO. ET AL., DEFENDANTS IN ERROR.

Replevin: GIST OF ACTION. The action of replevin, or, as it is sometimes called, the action for the delivery of personal property, is a statutory proceeding, in which the right of the plaintiff to the immediate possession of any of the chattels involved in the suit, and their wrongful detention by the defendant, constitute the gist of the action. The pleadings, evidence, and judgment should be confined to these points, and questions necessary to their elucidation.

ERROR to the district court for Gage county. Tried below before BROADY, J.

*Hardy & McCandless* and *Griggs & Rinaker*, for plaintiff in error.

*T. D. & J. E. Cobbey, Hazlett & Bates,* and *Burke & Prout,* for defendants in error.

NOTE.—Gist of action is unlawful detention of property. *Haggard v. Wallen,* 6 Neb., 272. *Moore v. Kepner,* 7 Id., 294. Right of property and possession thereof only can be tried. *Gillespie v. Brown & Ryan Bros.,* 16 Neb., 462.—REP.

COBB, J.

This cause was heard at a former term of this court and an opinion filed and published in the N. W. R., vol. 26, p. 583.* A motion for a re-argument was made and allowed, and the cause re-argued and again submitted at the present term.

A brief re-statement of the facts of the case may not be out of place.

Tessier was the general owner of a stock of goods and was in debt. The bank was the owner and holder of two chattel mortgages on said stock of goods to secure debts which were past due. For the purpose of foreclosing said mortgages the bank seized and took possession of the stock of goods. At about this point of time the several firms of Clement Bane & Co., Reed, Jones & Co., Lockwood, Englehart & Co., Mack, Stadler & Co., and V. A. Crowley, general creditors of said Tessier, severally sued out writs of attachment against him, placed them in the hands of N. Herron, sheriff, and caused him to levy upon the said stock of goods. Thereupon the bank commenced this action of replevin, and such action was had thereon that the said stock of goods were re-delivered to it.

It appears that that the above named several firms of attaching creditors were represented by as many different firms of attorneys, each of whom, after the first, filed what purport to be amended answers of defendant Herron, in the nature of special pleas, setting up the attachment of the clients of the attorney, filing such amended answers respectively as a defense to said action of replevin in their behalf. No little confusion in the presentation of the case is attributable to this practice, and I refer to it chiefly for the purpose of saying that it is quite established as the

---

* Original opinion withheld from publication in regular series of reports by direction of its writer.—REP.

law under our statutes and system of practice, that a general denial, in an action of replevin, puts in issue every material allegation of the petition, and under it the defendant may give evidence of any special matter amounting to a defense to the plaintiff's cause of action.   See *Richardson v. Steele*, 9 Neb., 483, and cases there cited.   Also *Cool v. Roche*, 15 Neb., 24.

There was a trial to the court (a jury being waived) which found and rendered judgment as follows: " The court finds that at the commencement of this action the plaintiff was entitled to the possession of the property replevied by virtue of two chattel mortgages, and by virtue of said chattel mortgages the plaintiff had a special property in the said property replevied in this action of the value of the amounts due on the notes secured by said mortgages, to-wit, $——, and that the value of the property replevied was the said amount due on said mortgages, together with the further sum of $1,821, the value of the balance after satisfying said mortgages, making the whole value of the property $——.   The court further finds that the plaintiff has disposed of all of the said goods and made a return thereof impossible, and that plaintiff out of the proceeds of said goods has satisfied the said two mortgages, and after paying the same, the balance of said goods was worth $1,821, balance plaintiff should have turned over to defendants, and that defendants are entitled to judgment for said sum of $1,821 and interest.   That damages of plaintiff for the wrongful detention is $5, and should draw interest at 7 per cent. from the commencement of this action, now amounting to $5.70. That said $1,821 draw interest from June 1, 1883, and now amounts to $2,075.94 as the amount of judgment in favor of defendants.   *   *   *   It is therefore ordered, adjudged and decreed by the court that the mortgages in favor of plaintiff on the said property in controversy be and the same hereby are satisfied in full, and that the de-

fendants have and recover of and from the plaintiff the said sum of $2,075.74 so as aforesaid found due, and that the plaintiff have and recover of and from the defendant the said sum of $5.70, its damages herein found due, and that the defendants pay the costs of this action, taxed at $——, " etc.

After the above finding was made by the court, and before the rendition of the judgment, motions for a new trial were made respectively by the plaintiffs and by Clement Bane & Co., both of which were overruled. It should be stated that before the trial the several firms of attaching creditors hereinbefore named were by order of the court, upon their joint application, substituted for the said N. Herron, sheriff, as defendants. The cause is brought to this court on error by the plaintiff as well as by defendant Clement Bane & Co.

The bank assigns eight grounds of error, five of which are for the admission of improper evidence. The sixth is for error in the rendition of judgment against the plaintiff for the overplus remaining after the payment of said mortgages, and after the same had been taken away from the plaintiff by order of the county court on plaintiff's answer as garnishee, and after $500 worth of said surplus had been set aside to said Tessier as his exemption by order of the county court and delivered to him. The other two are formal.

The defendants, Clement Bane & Co., assign seven grounds of error, four of which are for the admission of improper evidence and three for error in the findings and judgment.

As to the errors assigned by either party for the admission of improper evidence, it is scarcely necessary to repeat what has been so often said in this court, that in a cause tried to the court without the intervention of a jury, errors of that character cannot be considered. The case will then necessarily turn upon the point as to whether the

judgment is sustained by the evidence. This point is raised by the petition in error on either side.

As to whether the evidence is sufficient to sustain that part of the judgment which is in favor of the plaintiff in the court below, that at the time of the commencement of this action the plaintiff was entitled to the possession of the property replevied, there can be no question. Indeed it is substantially admitted by the answer of the defendant sheriff, and was sufficiently proved by the presentation and proof of the mortgage executed by Tessier to the bank. Whether the mortgage executed by Tessier to Mrs. Ada W. Fenton was properly admitted in evidence is, as above stated, a question which cannot be enquired into here. As to whether it was properly taken into consideration by the court in coming to the conclusion which it expressed in declaring the amount of the plaintiff's lien on the goods is, as I view the case, quite immaterial. The question before the district court was whether the plaintiff had at the date of the commencement of the action a special ownership in the property replevied, and was entitled to the immediate possession thereof. Code, § 182. Wells on Repl., § 94. The chattel mortgage from Tessier to the bank, unattacked as it was, and containing the stipulations and provisions which it does, was sufficient evidence to sustain the findings and judgment in so far as they are favorable to the plaintiff in the court below. Counsel for defendant (in the court below) say in the brief on re-argument: "There being no question as to the correctness of the finding upon which the judgment of the district court was based, this brief will discuss the one question as to the power of the court to render judgment in favor of the defendant in a replevin suit, for so much of the property replevied, or the value thereof in case a return cannot be had, as remained in the hands of the mortgagee plaintiff after the satisfaction of their mortgages and costs." Counsel then cites §§ 41 and 190 of the code, also a part of § 191, and

continues: "Does not the language here clearly indicate that it was the intention of the legislature, in enacting this law, that the rights of the several parties as to the property involved in the replevin suit should be determined in the one action?"

Section 41 relates to actions under the code generally, and provides that "Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein." Conceding, for the purpose of disposing of counsel's question, that the above section applies to an action of replevin, let us stop to say that the question involved in the case at bar is, as above stated, whether the plaintiff, at the date of the commencement of the action, had a special property in the goods replevied and was entitled to the immediate possession thereof. The question of the general ownership of the property was not involved nor raised by any pleading in the case.

The action of replevin, or, as it is, I think, more appropriately termed in our state, the action for the delivery of personal property, is a statutory action, every proceeding in which is specially provided for by statute. It cannot be changed into a suit in equity, nor into one for money had and received; neither does off-set or counter-claim lie against it.

The statute prescribes the judgment to be entered upon the trial in this action in whatever contingency, unless it may be in that supposed by counsel in the brief, where the property replevied consists of three horses, all of which had been delivered to the plaintiff. In such case although not expressly provided for by statute, it is obvious, I think, that the property being not only severable, but already severed, in case of a finding for the plaintiff as to two of the animals, and for the defendant as to the third one, the judgment would be for the plaintiff as to the two,

and for the defendant as to the one.    Each judg-
ment would be an entirety as to itself as to the reten-
tion or return of the property as found, for the value
of the property in case a return could not be had, and
other incidents.    But in the case at bar the mortgage lien
attached to each yard of cloth and each pair of shoes con-
stituting the stock of goods replevied, and the finding of
the court is to the effect that the plaintiff in the court below
was entitled to the possession of every article.    The stat-
ute provides that upon such a finding adequate damages
shall be assessed to the plaintiff for the illegal detention
of the property for which, with costs of suit, judgment
shall be rendered.    Code, § 192.    It is scarcely necessary
to add that the concluding word "defendant" in the section
just cited is construed and held to mean plaintiff.

I have carefully examined the several cases cited by
counsel from our own reports, to-wit:    *Mathews v. Smith
& Crittenden*, 13 Neb., 178.    *Hollingsworth v. Fitzgerald*,
16 Id., 492.    *Burnham v. Doolittle*, 14 Id., 214.    *Cool v.
Roche, Hall & Ray*, 15 Id., 24, and *Lininger v. Herron*,
18 Id., 452.    Most of these were cases in garnishment, and
none of them in point to the questions raised in the case at
bar.    The principal question here involved might have
been raised in the case of *Mathews v. Smith & Crittenden*,
*supra*, but was not; that case turning on the validity of
the mortgage from Beatty & Woods to S. & C., contain-
ing, as it did, a power to sell the goods mortgaged at pri-
vate sale.    The point involved in this case was partially
raised by counsel for an intervening creditor, but not in a
manner to warrant the court in considering it, and it was
expressly avoided.    See last clause of the opinion.

It appears from the record that summonses in garnish-
ment were served on the plaintiff on the part of the several
substituted defendants in the case at bar.    These proceed-
ings constituted as many suits at law against the plaintiff
Drake on Att., § 452.    These suits are still pending so

far as appears, and I know of no reason why the questions in which the rights of the parties are involved may not be there fully litigated and settled.

I reach the conclusion that that part of the findings of the district court which finds that at the commencement of this action the plaintiff was entitled to the possession of the property replevied, and the damages of the plaintiff for their wrongful detention is $5.70, also so much of the judgment of said court as adjudges that the plaintiff have and recover of the defendant the sum of five dollars and seventy cents, his damages therein found due, and that the defendant pay the costs of said action should be affirmed, and that all other findings and judgments of said court in said cause should be reversed. The cause will not be remanded, no further action on the part of the district court being deemed necessary.

JUDGMENT ACCORDINGLY.

The other judges concur.