W. H. MERRILL, PLAINTIFF IN ERROR, V. EDWARD A. WEDGWOOD, DEFENDANT IN ERROR.

1. **Replevin:** PLEADING: EVIDENCE. In an action of replevin a general denial puts in issue every material allegation of the petition. And under it the defendant may give evidence of any special matter which amounts to a defense to the plaintiff's cause of action.

2. **Attachment:** REPLEVIN: LIENS. Where a sheriff levies an order of attachment in his possession upon personal property, other orders may be levied upon the same property, subject to the prior levy, so long as he retains possession of and dominion over the property so levied upon. And, if the levy is not wrongful, a lien will be created to the extent of the amount represented by the attachments in his hands. But if after such levy the property is taken from his possession in an action of replevin he receives other orders of attachment, no lien will be created upon the property thereby.

3. ———: ———: JUDGMENT. In such case, in an action of replevin, where the finding and decision of the district court is in favor of the sheriff, the judgment should be for the amount due upon the orders of attachment in the hands of the sheriff, and under which a levy had been made prior to the execution of the order of replevin.

ERROR to the district court for Hall county. Tried be-
low before HARRISON, J.

*Churchill & Carr* and *L. M. Whitney*, for plaintiff in
error, on pleading, cited: *Kay v. Knoll*, 20 Neb., 380.
*Western Ins. Co. v. Putnam*, Id., 334.   Maxwell Pl. and
Pr., 4th Ed., 136.   Code, Sec. 99.   *Gray v. Earl*, 13
Iowa, 188.   *Clark v. Partridge*, 2 Barr, 13.   *Moss v.
Riddle*, 5 Cranch, U. S., 351.

*O. A. Abbott, W. H. Platt, J. W. Bartholomew*, and
*Thompson Bros.*, for defendant in error, cited: Freeman
on Executions, Sec. 135.   *Taylor v. Caryl*, 20 Howard,
583.   *Van Winkle v. Udall*, 1 Hill, 559.   *Peck v. Tiffany*,
2 N. Y., 451.

REESE, CH. J.

This was an action in replevin instituted by plaintiff
in error for the possession of a stock of goods levied upon
by the sheriff of Hall county as the property of Frank
Judson, to satisfy certain orders of attachment held by the
sheriff against said Judson.

A trial was had in the district court, which resulted in
a finding and judgment in favor of the sheriff to the ex-
tent of the levies made by him upon the goods prior to
their replevin by plaintiff in error.

It is contended by plaintiff in error that he purchased
the property from E. C. Judson, wife of Frank Judson,
the judgment debtor, and that she had purchased it from
her husband prior to her transfer to him.   While, upon
the other hand, it is contended by defendant in error that
the property at the time of the levy belonged to Frank
Judson, the transfers referred to being only colorable and
fraudulent.

The trial court found, specially, the following facts and
conclusions of law:

" 1st. That at the time of the commencement of this suit, to-wit, on the 17th day of June, 1887, the said defendant, E. A. Wedgwood, was the sheriff of Hall county, and was entitled to the possession of the property in controversy.

" 2d. That his right to such possession was derived under sundry writs and orders of attachment, and that the amount and value of the same on that date was the sum of seven hundred eighty-three and $\frac{94}{100}$ (783.94) dollars.

" 3d. The court do further find that, after the replevin of said property other writs and orders of attachment came to the hands of the sheriff, prior to the return day of the writ under which said property was replevied, which aggregate the sum of two hundred twenty-one and $\frac{50}{100}$ (221.50) dollars.

" 4th. That said property was taken from the possession of the defendant and delivered to the plaintiff, and that its value was fifteen hundred (1500) dollars.

" 5th. The court do further find that the interest on the amount of the writs and orders of attachment in the sheriff's hands at date of replevin to be twenty-seven and $\frac{43}{100}$ (27.43) dollars, and the interest on the accounts of the writs and orders of attachment coming to the hands of the defendant after the replevin of the property to be seven and $\frac{75}{100}$ (7.75) dollars.

" And the court do find as conclusions of law :'

" 1st. That the defendant is entitled to a return of the property replevied, and in case a return cannot be had, to a judgment for the value of his interest therein, to-wit, seven hundred eighty-three and $\frac{94}{100}$ (783.94) dollars, and interest thereon at 7 per cent to this date, amounting to twenty-seven and $\frac{43}{100}$ (27.43) dollars, and which sums aggregate the sum of eight hundred eleven and $\frac{37}{100}$ (811.37) dollars.

" 2d. And the court do further find as conclusions of law, that the defendant is not entitled to recover the value

of the writs coming to his hands as such sheriff after the replevin of the property and prior to the return day of the original writs, and that such subsequent writs did not and do not constitute any lien on the property in controversy, or any valid claim against the plaintiff or his bondsmen, and that the defendant is not entitled to a judgment therefor in this action, to which conclusion of law the defendant excepted at the time, and thereupon the plaintiff filed a motion for a new trial, and after hearing the arguments of counsel, and being fully advised in the premises, it is, ordered that said motion be and the same is hereby overruled, to which ruling and decision of the court the plaintiff excepted at the time, and 40 days are given to reduce exceptions to writing and submit same."

Upon these findings a judgment was rendered, and the plaintiff in the action below now brings the case to this court by proceedings in error.

Defendant in error also files a cross-petition in error, which will be noticed further on in this opinion.

The answer of the defendant filed in the district court consisted of a general denial.

The first contention of plaintiff in error to which our attention is directed is, that under the issues formed the district court erred in permitting the introduction of evidence tending to prove the fraudulent character of the transfer of the goods by Frank Judson to his wife, E. C. Judson, and from her to plaintiff in error; no fraud having been alleged in the answer. It is believed to be the settled law of this state, that a general denial puts in issue every material allegation of the petition, and under it the defendant may give evidence of any special matter amounting to a defense to the plaintiff's cause of action. The action is simply for the possession of the property described in the writ, the essence of which is that of the wrongful detention of the property by the defendant. It is alleged by the plaintiff that he is the owner and entitled to the

possession of the property. These facts are denied, and under such denial the whole question of ownership may be investigated. *Blue Valley Bank v. Bane and Company*, 20 Neb., 294. *Cool v. Roche, Hall v. Ray*, 15 Id., 24. *Richardson v. Steele*, 9 Id., 483, and cases there cited.

The district court, therefore, did not err in its ruling upon the admissibility of the evidence introduced by defendant.

It appears from the evidence that, in the year 1883, Frank Judson came to the city of Grand Island for the purpose of engaging in business, and that he bought a stock of goods from one Pederson, the title to which was taken in the name of E. C. Judson, his wife. There is some testimony which tends to prove that, at that time, he stated to the person from whom he made the purchase that his reason for having the property transferred to his wife, was, that he was involved in debt resulting from a partnership transaction in Kansas, and that he did not desire the property to be in his name. This is denied by him. Some time after his purchase of the store, and after the arrival of his wife at Grand Island, he transferred the stock of goods to her. The reason assigned for this was, that he was in debt to the creditors represented by the sheriff in this action, and others, and that he was also indebted to his wife, she having furnished a considerable portion of the funds with which the purchase was made originally, and also having put into the store a large amount of money after her arrival in Grand Island. It is claimed that the money thus used was of her own means, realized from the sale of property in Kansas, and from other sources. There is evidence of declarations made by Judson that the real cause of the transfer to his wife was to prevent the seizure of the property by his creditors. There are other circumstances, also, which tend somewhat to support the finding of the district court. There is no doubt but that, were it true that the property

in question was transferred to Mrs. Judson in payment of an actual *bona fide* indebtedness, that such transfer, if made in good faith, would be upheld. While the finding of the district court was not entirely satisfactory to the writer, yet it must be conceded that there was sufficient evidence to sustain it, and we do not feel at liberty to interfere with the judgment. If the property was rightfully the property of Mrs. Judson, she had the right to make such disposition of it as to her would seem proper, and we would not feel inclined to observe with great minuteness her actions in that direction. But it is perhaps beyond question that her sale and transfer to plaintiff in error was only colorable, and but a short time before the levy of the writ of attachment. While this could not be held to be, in any sense, conclusive of her rights, yet it was, no doubt, considered by the trial court as giving color to her former transactions with the property.

The finding of the district court upon this question, based as it is upon conflicting evidence, must stand.

The question presented by the cross-petition in error is as to the action of the court in not rendering judgment in favor of the sheriff for $1,040.62, instead of $811.30, the amount of the orders of attachment in the hands of the sheriff at the time the property was levied upon by the writ of replevin, and in excluding from the judgment the sum of $221.50, the amount and value of the orders of attachment received by him subsequent to the replevin of the property. The contention is, that the court should have included in the judgment all writs of attachment received by the sheriff before the return day of the writ under which his levy was made. This is based upon the assertion that the property remained in the custody of the law, to the extent that it could not be levied upon under process as against the original defendant. It is provided by statute that different attachments upon the same property may be made by the same officer, and one inventory

and appraisement shall be sufficient, and it shall not be necessary to return the same with more than one order. That, where the property is under attachment, it shall be attached under subsequent orders, as in the hands of the officer, and subject to the previous orders. See sections 209 and 210 of the civil code. Freeman on Executions, section 135, cited in support of the contention of defendant in error, as well as the other citations contained in his brief.

We have been able to find no case which holds that the sheriff can thus levy his writs of attachment, after the attached property has been wrested from his possession by the execution of an order of replevin and its delivery to the plaintiff in the replevin suit. He loses all dominion over it, and can create no additional liens upon it. Had the judgment debtor paid the amounts due to the attachment plaintiff at the time the levy under the order of replevin was made, the property would have been released from the lien created by the levies, and the right to the possession thereof would have vested at once in the owner. No additional liens could have been created by the receipt of subsequent orders by the sheriff. His possession would have terminated, and with it his dominion over the property. The effect would be the same were that possession terminated in any other manner.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.