JOHN J. DAVIS v. EDWIN CULVER.

FILED MARCH 8, 1899.    No. 8773.

1. Replevin: GENERAL DENIAL: EVIDENCE. Under a general denial in replevin the defendant may prove any fact which amounts to a defense to the plaintiff's cause of action.

2. Note: INNOCENT PURCHASER: EVIDENCE. Evidence examined, and *held* to sustain the finding of the jury that the plaintiff in error and his assignor purchased the note in suit after its maturity.

3. ———: PAYMENT. When the action was brought there was nothing due on the note.

4. Replevin: GENERAL DENIAL: SET-OFF. In a replevin action for property covered by a chattel mortgage given to secure the payment of a note owned by plaintiff the defendant, under a general denial, may show that plaintiff at the commencement of the suit was, and still is, indebted to him for labor in an amount equal to the amount due on the note.

ERROR from the district court of Lancaster county. Tried below before HOLMES, J. *Affirmed.*

*C. S. Rainbolt* and *Daniel F. Osgood,* for plaintiff in error:

Usury should be specially pleaded. (*Dix v. Van Wyck,* 2 Hill [N. Y.] 522.)

An account cannot be adjusted in replevin. (*Whitworth v. Thomas,* 83 Ala. 308; *Otter v. Williams,* 21 Ill. 118; *Stow v. Yarwood,* 14 Ill. 427; *Keaggy v. Hite,* 12 Ill. 101; *Streeter v. Streeter,* 43 Ill. 155; *McIntire v. Eastman,* 76 Ia. 455.)

Set-off is not generally allowed in replevin. (Waterman, Set-Off 169; *Kennett v. Fickel,* 21 Pac. Rep. [Kan.] 93.)

Set-off, if allowable, must be specially pleaded. (*Whitworth v. Thomas,* 83 Ala. 308.)

*J. R. Webster, Theodore F. Barnes, C. H. Bane,* and *Macfarland & Altschuler, contra.*

RAGAN, C.

On April 12, 1894, Edwin Culver executed and delivered his note for $18, due thirty days after date, to M. L. Thomas. The note was payable to the order of the payee and drew interest at the rate of ten per cent per annum from maturity. Thomas indorsed and delivered this note to the Lincoln Coal Company, and the latter indorsed and delivered it to John J. Davis. The note was secured by chattel mortgage. John J. Davis brought replevin for the mortgaged property. Judgment for the defendant, and Davis prosecutes error.

1. The first argument is that the court erred in permitting the defendant below to show that the note was tainted with usury. The answer was a general denial, and the argument is that such a defense could not be shown under such a plea. Whatever may be the rule in other jurisdictions the practice here is that under a general denial in replevin the defendant may prove any special matter which amounts to a defense to the plaintiff's cause of action. (*Merrill v. Wedgwood,* 25 Neb. 283;

*Cool v. Roche,* 15 Neb. 24; *Blue Valley Bank v. Bane,* 20 Neb. 294; *Richardson v. Steele,* 9 Neb. 483; *Best v. Stewart,* 48 Neb. 859; *Johnston v. Milwaukee & Wyoming Investment Co.,* 49 Neb. 68; *Jenkins v. Mitchell,* 40 Neb. 664.)

2. The second argument is, in effect, that the verdict for the defendant below is not supported by sufficient evidence, as upon any theory of the case there was something due from Culver upon the note. Plaintiff in error here claims to be an innocent purchaser before maturity of the note which the mortgage in controversy was given to secure; or, rather, his precise claim is that he purchased the note from one who was an innocent purchaser before due without notice that the note was tainted with usury. This note matured on May 12, 1894. It was indorsed by the payee and delivered to the coal company on September 13, 1894; but there was written upon the note the following: "Extended to September 13, 1894." The evidence on behalf of plaintiff in error is that this writing was put on the note by the original payee thereof at the request of Culver, the maker of the note, and in pursuance of an agreement between them that the note should be extended to that date. This, however, is denied by Culver. We think the jury were justified in taking Culver's testimony as true, and therefore it follows that whatever title the Lincoln Coal Company had to this note it acquired after its maturity. Thomas, the original payee of the note, swears that he sold and indorsed this note to the Lincoln Coal Company. His evidence, however, is entirely overthrown by that of the officers of the coal company. They say that Thomas owed them a coal bill of $6.65, and that he indorsed the note in suit and left it with the coal company as security for what he owed it; that on September 13, 1894, the plaintiff in error here paid Thomas' coal bill and took up the note, Thomas being present. As to the other argument,—that there was something still due on the note from Culver at the time this suit was brought,—the evidence shows that while Culver gave Thomas the note for

$18 he only received $15 in money. By agreement between the parties Culver was to pay $2.50 per month interest on this $15, or interest at the rate of sixteen and two-thirds per cent, payable monthly, and that in pursuance of that usurious contract he had paid $12.50 in money to Thomas, leaving a balance of $2.50 on the note; that after Davis, the plaintiff in error, became the owner of the note, Culver, who is a blacksmith, did work for him of the value of $2.75, and that when this suit was brought Davis was indebted to him, Culver, in that amount for said work. Applying that indebtedness on the note it discharged the same. The jury correctly found that at the time the suit was brought there was nothing due upon the note.

It is insisted on the argument that this $2.75 due from Davis to Culver could not be set off in this action against what was due on the note. We fail to appreciate the force of this contention. If this was a suit at law upon the note, Culver could have pleaded as a set-off the $2.75 due him from Davis, the holder of the note. In order for Davis to recover in this action it was incumbent upon him to show that there was some amount due him from Culver on the note when the action was brought, and under a general denial it was competent for Culver to show that he was entitled to be credited for the work he had done for Davis; and that, therefore, there was nothing due Davis on the note. Let the judgment of the district court be

AFFIRMED.