## SCHLESSINGER v. COOK.

CHATTEL MORTGAGE — REPLEVIN — PLEADINGS — DEFENSE — JUDGMENT.

1. An instrument intended to operate as a chattel mortgage is valid between the parties upon its execution and delivery, although the requirements of statute as to acknowledgment and recording are not complied with. (R. S., Sec. 2816).

2. Under the pleadings in the replevin action brought by the assignee of a chattel mortgage to obtain possession of the property, the debt being overdue and unpaid, and the answer admitting the execution of the note and mortgage, and an adequate consideration, and making no claim that the debt was paid or extinguished; and the suit being between the holder of the mortgage and the mortgagor; *Held*, that the mortgage was in full force between the parties until the debt secured should be fully paid, the assignee taking all the rights of the mortgagee.

3. Where, by the terms of a chattel mortgage, the mortgagee becomes entitled to possession of the property mortgaged, replevin is the proper action whereby to obtain it.

4. The object of the action of replevin is to determine the right of possession at the commencement of the suit; and any other question is relevant and material only as bearing upon that issue.

5. An action of replevin cannot be changed into a suit in equity, nor into one for money had and received, neither does offset or counterclaim lie against it.

6. In an action of replevin brought by the holder of a chattel mortgage to obtain possession of the property, upon the non-payment of the debt secured, it is no defense that the plaintiff improperly sold the property after it was turned over to him under the replevin writ, or had failed to account for the proceeds of a sale of the property, since what the plaintiff did with the property after he obtained it cannot affect the question at issue in the action, viz; the right of possession at the commencement of the suit. If the mortgagee shall have unlawfully sacrificed the property, or, upon a sale, failed to pay over to the mortgagor any surplus properly payable to him, the latter may have a right to recover therefor, but he cannot interpose the question as a defense, and demand an accounting, in the replevin suit.

7. Under section 3544 Revised Statutes, a defendant may avail himself of any defense he may have, legal or equitable, but the section does not create new defenses, or make that a defense which was not theretofor a defense either in law or equity.

8. No legal or equitable defense to the collection of the note or the enforcement of the chattel mortgage securing it, being set up by the answer, and the debt and execution of the mortgage being admitted by the pleadings, it is not competent for the court to render judgment that the defendant is entitled to the possession of the property. *So held*, under the pleadings, where the bill of exceptions containing the evidence had been stricken out on motion.

[Decided September 8, 1900.]

ERROR to the District Court, Weston County, HON. JOSEPH L. STOTTS, Judge.

The case and the material facts were stated by Mr. Justice Corn, who delivered the opinion as follows: —

The plaintiff in error, who was also the plaintiff below, brought suit in replevin against the defendant to recover possession of one thousand head of sheep and three

hundred and seventy-five lambs, their increase for the spring of 1895. The plaintiff's petition sets out that he claims the property by virtue of the terms of a certain chattel mortgage executed and delivered by the defendant to one Reynolds as security for the payment of defendant's note for $1,750, said note and mortgage having been assigned by Reynolds to the plaintiff; that by the terms of the mortgage, if the note was not paid when due, the property should become absolute in the mortgagee or his assigns, and they were empowered to take immediate possession; that the note was due, and no part of it had been paid.

The defendant answered that the alleged chattel mortgage was executed at Orin Junction in this State; that by the transaction the defendant purchased from the mortgagee, Reynolds, the sheep in question, paid $900 for them in cattle, and executed the note and mortgage referred in plaintiff's petition; that, as a part of the same transaction, Reynolds agreed to deliver to defendant twenty bucks, for which defendant at the same time paid him $118, and that Reynolds has entirely failed to deliver them; that the mortgage was not executed in accordance with the laws of Wyoming, and was not filed at any place in Wyoming prior to the commencement of the action and the taking of possession of the sheep by plaintiff. The defendant in his answer then further alleges that the plaintiff, after obtaining possession of the 1,375 head of sheep and lambs, by the writ of replevin in this suit, wrongfully sold all of them, and removed a large portion of them out of the jurisdiction of the court, and has never accounted with the plaintiff for any part of them. That the value of the sheep was $2.65 per head, and of the lambs $1.00, making a total of $3,025. That the plaintiff is a non-resident of the State, and defendant, being a poor man, is unable to incur the expense necessary to obtain an accounting and compel payment from the plaintiff in another State. He then prays judgment against the plaintiff for the value of the

property, $3,025, and interest; but in case the court should find that the plaintiff was equitably entitled to be paid the amount of his note and interest, that the amount of $118, with interest, be deducted therefrom. That after such deduction, the remainder of plaintiff's claim should be deducted from the sum of $3,025, and judgment rendered in favor of the defendant for the balance. But in case the court should find that the sum of $118 should not be deducted from the plaintiff's claim, that the amount of plaintiff's claim and interest be deducted from the alleged value of the sheep, and that judgment be rendered in favor of defendant for the balance. A jury was waived by the parties, and, upon a hearing, the court rendered the following judgment: —

The court being fully advised in the premises finds generally for the defendant, upon the merits; the court finds that the property in question was wrongfully taken and converted by the plaintiff ( and plaintiff has removed a part of said property out of the State and the jurisdiction of this court, and sold the whole of said property, and appropriated the same to his own use;) that the defendant, at the time of the commencement of this action, was in the possession, and entitled to the possession of the said property described in plaintiff's petition, and had a right of property, and the right of possession thereto, said property being described as one thousand head of ewes and three hundred and seventy-five lambs; that at the time of such taking and conversion of said property, said ewes were of the value of $2.25 per head, making $2,250, and said lambs were of the value of $1.25 per head, making $468.75, and of a total value of $2,718.75; the court further finds that the defendant was indebted for the purchase price of said sheep in the sum of $1,750, and interest thereon, up to the time of the said taking in the sum of $199.30, making in all the sum of $1,949.30, which debt was assigned to plaintiff ( which in equity the defendant ought to pay ); the court finds that by reason of the wrongful taking, sale, and conversion of said prop-

erty, the defendant has been damaged in the sum of $2,718.75 (from which sum should be deducted the aforesaid sum of $1,949.30, leaving a balance due the defendant in the sum of $769.45).

"It is therefore ordered, adjudged and decreed by the court that the defendant have and recover of said plaintiff, Henry Schlessinger, and of Meyer Frank, his surety in said action, the sum of $769.45, his said damages, and for his costs in this action, taxed at $———, and that execution issue."

The evidence is not before us, an attempted bill of exceptions having been stricken from the files by a former decision of this court.

*Frank J. Kelley*, for plaintiff in error, contended and argued that the gist of an action in replevin is the wrongful detention of specific personal property at the time of the commencement of the suit. Second: That the transfer of a negotiable, promissory note before due, and for a valuable consideration and without actual notice of any defense, passes the title to the said note and mortgage to the assignee thereof, free from any equities, if any there are, existing against it. And third: That the action of replevin does not allow an examination into counter claims of indebtedness, or set off, and does not allow a settlement of accounts between the parties; and that the question of where the mortgage was made, or whether it was acknowledged, or recorded, or filed, is an issue that cannot be raised by the mortgagor as a defense in replevin, and is material only as between subsequent claimants of the property mortgaged. And fourth: That in an action in replevin where a delivery bond is given by the plaintiff and the property delivered to him thereunder, the subsequent disposition of the property by him is immaterial, and cannot be inquired into on the trial. His bond takes the place of the property. In support of the foregoing the following authorities were cited: Kyger v. Riley, 2 Neb., 28; Carpenter v. Longan, 16 Wall., 371; Pierce v. Faunce, 47 Me., 507; Potts v. Blackwell, 4

Jones Eq., 58; Fisher v. Otis, 3 Chandler, 83; Reeves v. Sculley, Walk. Ch., 258; Herman on Ch. Mort., 630; Graham v. Blinn, 3 Wyo., 746; Jones Ch. Mort., 706; Cobbey on Replevin, 793, 791, 796–7, 825; Broakover v. Esterley, 12 Kan., 149; Gage v. Wayland, 67 Wis., 566; Huebner v. Koebke, 42 *id.*, 319; Cline v. Libby, 46 *id.*, 123; Frisbie v. Langworthy, 11 *id.*, 375; Kingsland v. Chrisman, 26 Mo. App., 308; Christy v. Scott, 31 *id.*, 331; Woodruff v. King, 47 Wis., 261; Rice v. Cribb, 12 *id.*, 182; Crow v. Vance, 4 Ia., 440; Furbank v. Goodman, 5 N. H., 450; Bank v. Clement, 30 N. W., 57.

It was further contended that " A mortgage is good between the parties to it, although it does not conform to the requirements of the statute relating to acknowledgment, record, or the like." Winsor v. McLellan, 2 Story, 492; Sawyer v. Turpin, 91 U. S., 114; Stewart v. Platt, 101 *id.*, 731; Hall v. Snowhill, 14 N. J. L.; Lemay v. Williams, 32 Ark., 116; Davis v. Ransom, 26 Ill., 100; Griffin v. Wertz, 2 Bradw., 487; Frank v. Miner, 50 Ill., 444; Beeman v. Lawton, 37 Me., 543; Hayman v. Jones, 7 Hun, 238; Wescott v. Gunn, 4 Duer, 107; Hudson v. Warner, 2 Har. and G., 415; Forest v. Tinkham, 29 Ill., 141; Porter v. Demont, 35 *id.*, 478; Badger v. Batavia Manfg. Co., 70 *id.*, 302; McTaggart v. Rose, 14 Ind., 230; Kilborne v. Fay, 29 O. St., 264; Wilson v. Leslie, 20 O., 161; Smith v. Moore, 11 N. H., 55; Williamson v. R. R. Co., 26 N. J. Eq., 308; Hackett v. Manlove, 14 Cal., 85; Clagett v. Salmon, 5 G. & J., 314; Johnson v. Jefferies, 30 Mo., 423; Machette v. Wanless, 2 Colo., 169.

Further, the record contains everything sufficient for a review of the errors complained of.

*M. B. Camplin* and *N. K. Griggs*, for defendant in error, argued and contended that as the mortgage was not executed and recorded according to the requirements of the Wyoming statutes, therefore the plaintiff had no right to foreclose; and if he was without right to fore-

close, he had no right to possession, and to recover in the replevin suit. That as the plaintiff was a wrong doer, and had disposed of the sheep mortgaged, and was not a resident of the State, the court will give to the defendant such relief as he is entitled to, and compel the plaintiff to account for the proceeds. That although the defendant might have an independent action, the court ought not to require him to go into a foreign jurisdiction for his remedy, under the circumstances of the case. The following authorities were cited. (Cobbey on Ch. Mort., 392; Bryant v. Vix, 83 Ill., 11; Petillion v. Noble, 73 *id.*, 569; Olds v. Cummings, 31 *id.*, 188; Oster v. Michley, 35 Minn., 245; Hostetter v. Alexander, 22 *id.*, 559; Johnson v. Carpenter, 7 *id.*, 186; Wygal v. Bigelow, 42 Kan., 477; Hungate v. Reynolds, 72 Ill., 425; Leach v. Kimball, 34 N. H., 568.) That the judgment should stand as to the surety on the replevin bond, at least as he is not made a plaintiff in error, and is not complaining; and the judgment ran against him also, under the statute. The following propositions were also maintained:

1. No replevin action was pending when bond was given, and hence bond is bad. 2. As the plaintiff failed to give supersedeas bond in carrying this case to this court, execution was taken out for the collection of defendant's judgment in the lower court against its enforcement, denying his liability entirely, and thus the defendant has already been prevented from having any remedy whatever on the bond. 3. The bond, even if regular in form and valid in law, would not be any protection to defendant for the wrongful acts of plaintiff in the way of the removal of the property from the jurisdiction of the court and disposing of it, the only liability upon the bond being in case the plaintiff was found not to have been entitled to the possession, even upon a mortgage of a dollar, the bondsmen would be relieved, leaving defendant alone to his remedy of following plaintiff into Nebraska to make him respond for his subsequent unlaw-

ful conduct. 4. As plaintiff took the property without giving any legal bond, and in fact before he had really begun his replevin action, he cannot be heard to take advantage of his own wrong, and thus preclude defendant from charging him with the conversion of the property he has so taken in open defiance of law. 5. For defendant to have attempted to follow the property, after it was sold, would have required of him to bring actions, give replevin bonds, and be at great trouble and enormous costs. He had the right at common law and under the decisions, to treat the property as converted, and thereupon follow the wrong-doer for its value. The argument of opposing counsel to the contrary is neither based upon reason nor founded upon precedent. 6. Even if plaintiff had a valid mortgage, his only right was to foreclose it, whether by public or private sale being immaterial. So, as he had no possible right of foreclosure because, (1) his mortgage had not been filed so as to authorize such foreclosure, and (2) because there was a suit at law pending upon the note when his replevin petition was filed, he cannot be heard to deny defendant's right to make him respond for the value of the property which he had so unlawfully converted to his own use. 7. If the case is to be tried as matters were at the beginning, as is insisted in the reply brief, then it stands: With the instrument claimed to be a mortgage, bad because it does not describe the place where stock was to be ranged; with a suit at law on the note, which precluded foreclosure; with the instrument unfiled, which also precluded foreclosure; with a replevin bond given, which is insufficient because no replevin action was then pending; and with a replevin bond given, which is itself insufficient in law.

CORN, JUSTICE. (after stating the facts.)

It is admitted by the pleadings in this case that the note and chattel mortgage were executed and delivered by the defendant to the mortgagee for an adequate consideration,

and it is not denied that the note is entirely unpaid, as alleged in plaintiff's petition.

It is the general rule that an instrument intended to operate as a chattel mortgage is valid between the parties upon its execution and delivery, although the requirements of statute with reference to acknowledgment and recording are not complied with. 1 Cobbey Chat. Mort., 404. And our statute after pointing out in detail the requirements as to execution, acknowledgment and filing necessary to the validity of such instruments, where the rights of creditors and subsequent purchasers are involved, broadly states: "Provided, that any such mortgage, bond, conveyance, or other instrument intended to operate as a mortgage, shall be valid between the parties, anything contained in this chapter to the contrary notwithstanding, until the debt thereby secured is fully paid." Rev. Stat. Wyo., Sec. 2816. The purpose of the statute is to protect the rights of "all creditors and subsequent purchasers and mortgagees in good faith, for valuable consideration and without notice." No such rights are involved in this case, and upon the pleadings the mortgage was in full force between the parties until the debt secured thereby should be fully paid, the assignee taking all the rights and powers of the mortgagee. The note was overdue, and by the terms of the instrument the plaintiff was entitled to the possession of the property, and replevin was a proper action by which to obtain it. 1 Cobbey on Chattel Mort., 482. The defendant, in his answer, sets up certain alleged equitable defenses, relying for his right to plead such defenses upon Section 3544, Rev. Stats., which provides that "the defendant may set forth in his answer as many grounds of defense, counterclaim and set off as he has, whether they are such as have been heretofore denominated legal or equitable, or both." And there is no question that by virtue of this provision the defendant in this, as in any other, action may avail himself of any defense he may have, and will not be required to apply by a separate suit for an injunction or

other equitable remedy. But there is nothing in the section which creates any new defenses, or makes that a defense which was not heretofore a defense either at law or in equity.

The object of the action of replevin is to determine the right of possession at the commencement of the suit. Cobbey on Replevin, Sec. 25. And any other question, as the ownership of the property, the validity of the mortgage, the maturity or amount of the debt, is relevant and material only as bearing upon that issue. Cobbey on Replevin, Sec. 27.

It was competent for the defendant to show that the debt was fully paid, or, otherwise extinguished, at the time the action was commenced, and that the plaintiff therefore had no ownership or interest in the property or right to its possession when he began his suit. Otherwise, the amount of the balance due, or the state of the account between plaintiff and defendant, was not relevant or material in a case like the present where the property had been taken under the writ and turned over to the plaintiff.

But the defendant, while admitting the indebtedness, undertakes by his answer to set up as a defense that the plaintiff sold and disposed of the property after it was turned over to him under the writ. We know of no system of procedure under which this can be permitted. The issue was the right of possession at the commencement of the suit. What the plaintiff did with the property afterward can in no possible way affect that question. This was not a suit to foreclose the mortgage, but a mere preliminary action to obtain possession of the property. As stated in a Nebraska case: "The action of replevin * * * is a statutory action, every proceeding in which is specially provided for by statute. It cannot be changed into a suit in equity, nor into one for money had and received; neither does offset or counterclaim lie against it." Blue Valley Bank v. Bane, 20 Neb., 299. By the admissions of the answer the defendant was in default of payment, and the plaintiff was entitled to take posses-

sion of the property in order that he might sell it at public or private sale for the payment of his debt under the power contained in the mortgage.

It was the duty of the plaintiff, upon a sale of the property under the power, after satisfying the amount due, interest and expenses, to pay any surplus that might remain to the defendant; and upon his failure to do so, the defendant had a right of recovery against him for the amount. It is not charged that there was any such failure, or that there was any surplus, or that the property was sacrificed or wasted by any act of the plaintiff or otherwise. But if there was, or ought to have been, any such surplus unpaid, that fact could not affect the plaintiff's right of possession at the commencement of the suit.

It is urged that the judgment, so far as it finds the right of possession in the defendant is in accordance with the statute, and, the evidence not being before us, that we ought not to disturb the finding of the court on that question. That if the court exceeded its powers in allowing to the plaintiff the amount of his debt and interest, the plaintiff cannot complain, such allowance being to his advantage and not prejudicial. But the answer admits the execution of the note and mortgage, and that there was an adequate consideration, and makes no claim that the debt has been paid or otherwise extinguished. No legal or equitable defense to the collection of the note or the enforcement of the security is furnished by the answer. In the face of these admissions, it was not competent for the court to render its judgment that the defendant was entitled to the possession of the property. The judgment will be reversed and the case remanded with directions to the District Court to enter judgment in favor of the plaintiff for the possession of the property and costs of suit.

*Reversed.*

POTTER, C. J., and KNIGHT, J., concur.