# JONES v. PARKER

(No. 1492; January 17, 1929; 273 Pac. 687)

424

*G. H. Paul,* for plaintiff in error.

*M. C. Burk,* for defendant in error.

*G. H. Paul,* in reply.

*A. C. Allen* and *O. N. Gibson,* supplemental brief for plaintiff in error.

426

KIMBALL, Justice.

This is a proceeding in error for review of a judgment entered on the verdict of a jury. The bill of exceptions was not prepared and presented in time and for that reason was struck from the record. 264 Pac. 97. Upon the filing of an amended petition in error, the case was retained for the purpose of considering assignments of error that may be disposed of upon the record proper. 266 Pac. 128. Under the amended petition in error, the contentions in substance are, that the pleadings do not support the verdict, and that the verdict does not comply with the law and is insufficent to warrant the judgment.

The plaintiff in error was the plaintiff in the Trial Court. The contents of the record so far as material, will be summarized briefly.

The action was commenced in the District Court. The petition alleges that, by virtue of a chattel mortgage dated February 4, 1925, from defendant to plaintiff, the plaintiff has a special ownership in 31 head of sheep with their increase, and four head of cows and heifers. The chattel mortgage was given to secure the payment of a promissory note of the same date for $203, due June 15, 1925,

with 10% interest. The note, set forth in the petition, shows a payment of $57.50 on September 5, 1925. The petition alleges that the property was not taken in execution on an order or jüdgment, etc. (following the language of paragraph 4, Sec. 6570, C. S. 1920, relating to replevin in Justice of the Peace Courts), and that it was wilfully detained by defendant after a demand therefor before suit; that the note has not been paid in full, and that the mortgage authorizes the plaintiff to take possession of the property and sell so much thereof as may be necessary to pay the balance due on the debt; that defendant refuses to pay the balance of the debt, or to deliver the property to the plaintiff. It is further alleged that plaintiff has been damaged in the sum of $75 by the refusal to deliver the property, and $20 attorney's fees. The prayer is for judgment for $161.99, the amount due on the promissory note, $75 for unlawful detention of the property, $20 attorney's fees; that "the said chattel mortgage be foreclosed upon and the property sold," and "out of the proceeds received therefrom to pay the costs in said cause and the balance remaining to be applied upon the judgment of the plaintiff, and for any other and further relief that may seem reasonable and just in the premises."

The summons, following the praecipe therefor, describes the action as one "for the recovery of money—amount claimed $256.99 and interest and for foreclosure and for specific personal property."

The answer denies the allegations of the petition except those specifically admitted. It alleges that the debt has been paid, except $40, and that that amount was tendered and refused November 7, 1925. Then, "by way of cross-petition," it is alleged that defendant performed work and labor for plaintiff for which there is due defendant from plaintiff $69.40. Then, again "by way of cross-petition," it is alleged that on March 1, 1926 (the date of

the commencement of the action), the plaintiff caused to be issued an order of delivery under which the sheriff took from defendant 31 head of old sheep of the value of $465, 20 lambs of the value of $200, and three heifers and three calves of the value of $260. It is alleged that by the taking of said property under said order of delivery the defendant has been damaged in the sum of $925, the value of the property, and that he also suffered special damages in the sum of $50, by the loss of pasture and feed for said sheep, and $500 as further "special damages" for "great injury" suffered by "plaintiff (defendant) and his family" by reason of the "unlawful and malicious taking of said property." The prayer of the answer was for judgment for the damages stated, and also $1000 as punitive damages.

The reply is a document of seven typed pages. It admits the taking of the property, with some slight difference in the number of animals taken, under an order of delivery procured on the institution of the action, and alleges that the mortgage was foreclosed by advertisement and sale in accordance with the mortgage. It alleges that the debt at the time of sale amounted to $166.28, and that the expenses of foreclosure were $257.48, a total of $423.76, and that the property sold for $365.75, leaving due plaintiff the sum of $67.01. The expenses of sale charged against the mortgagor were itemized in the reply, and included $20 attorney's fee for foreclosing the mortgage; $24, "costs in Justice Court;" and $93.50, "costs in District Court." In explanation of the charge of "costs in Justice Court," it is alleged that the plaintiff previously had brought in the Justice Court a replevin action against the defendant for the same property; that the constable left the property in the possession of defendant on faith of defendant's agreement to hold it subject to the further orders of the constable; that the defendant later announced that he would not deliver the

property to the constable, and thereafter the replevin action in the Justice Court was dismissed without prejudice, and the present action commenced in the District Court. It is explained in the reply that the costs in the action in the Justice Court were charged against the defendant as a part of the expenses of foreclosure because defendant had not kept his promise to deliver the property to the constable. The item, ''costs in District Court,'' was evidently intended to cover the costs in the present action, so far as then ascertainable, including $75, for attorney's fee. It is further alleged that one cow, included in the mortgage, was not taken by the sheriff on the order of delivery. The plaintiff prays for judgment in the sum of $67.01, and for delivery of the one cow so that it may be sold under the mortgage to apply on the amount still due on the mortgage debt; that the sale of the property covered by the mortgage ''and all proceedings had therewith and costs attached thereto be approved by the court;'' for judgment against defendant for the sum of $75, ''as additional costs on account of the institution of this suit,'' and for other and further relief that may seem fair and just.

A jury trial was had June 1, 1927, and the verdict found generally for the defendant assessing the amount of his recovery at the sum of $937 as actual damages. Judgment on the verdict was entered against plaintiff and the sureties on her undertaking.

The plaintiff's contentions are all based on the assumption that the action was the statutory action of replevin in which the right to the possession of specific personal property at the commencement of the suit was the only issue. We may concede for the purposes of our decision that the right to possession of the property was the issue that was or should have been tried. It nevertheless seems from the prayer of the petition, wherein plaintiff asks a money judgment and foreclosure of the mortgage and

fails to ask judgment for possession of the property, as well as from the numerous other matters interjected into the case by the reply, that the plaintiff did not understand that the issue was so narrow. The plaintiff whose pleadings so clearly show that she lost sight of the object of the action is hardly in a position to complain because the defendant fell into the same error.

There is nothing in the record to show any objection to the answer by demurrer or otherwise. In considering whether it is sufficient to support the verdict and judgment, it is entitled to be construed liberally, supported by every legal intendment, and upheld if the necessary facts are fairly to be inferred from the allegations. Grover Irr. Co. v. Lovella Ditch Co., 21 Wyo. 204, 230, 131 Pac. 43, L. R. A. 1916C, 1275, Ann. Cas. 1915D, 1207. And even matters of substance that would have been fatal on demurrer may be aided or cured by the verdict, under the doctrine of aider by verdict as explained in the case just cited, at page 228 of 21 Wyo.

The plea of tender of the balance due is attacked on the ground that the failure to allege that the tender was kept good renders the plea fatally defective. We deem it unnecessary to decide or discuss that question, as we believe the other allegations of the answer, if supported by proof, as we must assume they were, are sufficient to support the verdict and judgment.

The defendant pleaded payment of all the mortgage indebtedness except $40, and then pleaded a set-off of $69.40, for work and labor. It is claimed that no set-off is permissible in a replevin action. That is the general rule which sometimes is stated without qualification, as in the excerpt from Blue Valley Bank v. Bane, 20 Neb. 299, 30 N. W. 64, quoted in Schlessinger v. Cook, 9 Wyo. 256, 265, 62 Pac. 152. Where, however, the right of plaintiff to possession depends on the existence of an indebtedness, it is competent for the defendant to show that the

debt was paid or otherwise extinguished at the time the action was commenced. Schlessinger v. Cook, supra.

In Zimmerman, Wells-Brown Co. v. Sunset Lumber Co., 57 Or. 309, 111 Pac. 690, 32 L. R. A. (N. S.) 123, Ann. Cas. 1913A, 103, we find this statement which is sufficient to explain the principle applicable in the case at bar:

"The action of replevin generally sounds in tort; at least it is so in case the possession of the property by defendant was obtained otherwise than by virtue of some contract, and probably in such a case no element of set-off would be available as a defense. (citing cases) But, if the action is to recover the possession of property, the right to which arises upon contract, such as upon chattel mortgage, which in terms authorizes the mortgagee to take possession upon default in payment of the debt secured, any matter tending to defeat plaintiff's right of possession, may be pleaded as a set-off, as plaintiff's right, in such a case, being for the purpose of foreclosure, is not based on title, but right of possession; and if there be no debt there is no right of possession in the mortgagee. * * * But to defeat the action the set-off must equal the debt."

In Clement v. Field, 147 U. S. 467, 475, 13 Sup. Ct. 358, 37 L. Ed. 244, will be found a comparison of two decisions of the Supreme Court of Kansas, that illustrate the principle. In Gardner v. Risher, 35 Kan. 93, 10 Pac. 584, a replevin action by a chattel mortgagee, set-off or counter-claim was allowed, on the ground that plaintiff's claim was in substance founded on contract; while in Kennett v. Fickel, 41 Kan. 211, 21 Pac. 93, founded on a wrongful taking, the same court held that no set-off could be pleaded in defense, as the action, in substance as well as in form, was *ex delicto*.

In McCormick Harvesting Co. v. Hill, 104 Mo. App. 544, 79 S. W. 745, the question of the right to counter-claim in a replevin action was given careful consideration, and it was concluded that either set-offs or counter-claims could be pleaded when they would defeat the right of the

plaintiff to recover the property, as where he claimed possession because of default in payment of a debt secured by mortgage. See, also, Davis v. Culver, 58 Neb. 265, 78 N. W. 504.

It will be noticed that, under the facts in some of the cases above cited, the courts, in permitting the set-off or counter-claim, were required to go further than we are required to go in the case at bar. All that we need to decide in the case at bar is that the set-off of the claim for work and labor was proper for the purpose of showing that defendant was not indebted to plaintiff at the time the action was commenced.

The part of the answer that alleges the damages to defendant because of the taking of the property is also challenged on the ground that no counter-claim was permissible. While it may be conceded that those damages were not properly pleaded as a "cross-petition" or counter-claim, the defect of the petition in that respect is one of form merely. If there was no default that gave the plaintiff the right to possession of the property, the defendant undoubtedly was entitled to recover such actual damages as were right and proper under the circumstances. C. S. 1920, Sec. 6287; Hunt v. Thompson, 19 Wyo. 523, 120 Pac. 181, 122 Pac. 624. It may be that the part of defendant's answer that alleged his actual damages was superfluous. There is authority for holding that a successful defendant in replevin may recover his damages under a general denial. Schrandt v. Young, 62 Neb. 254, 86 N. W. 1085. With neither the evidence nor the instructions of the court before us, we must assume that the jury were properly instructed, and that the damages assessed by the verdict were right and proper under the circumstances shown by the evidence.

Section 6287, cited above, provides that, in a replevin action in which the property is delivered to the plaintiff, if the jury find for the defendant, "they shall also find

whether the defendant had the right of property or the right of possession only, at the commencement of the suit." The verdict in the case at bar does not recite whether the jury found that the defendant had the right of property or right of possession only, and the plaintiff contends that the absence of such a finding renders the verdict fatally defective. She relies on Wolf v. Meyer, 12 Oh. St. 432, which seems to support the contention. The same point, however, was before the Supreme Court of the Territory, under a statute containing the same language, and the rule in Ohio was not followed. Gregory v. Morris, 1 Wyo. 213, 222. The court in that case said:

"The code of this territory provides that where the property taken in replevin has been taken by the plaintiff, and the jury find for the defendant, they shall find whether the defendant at the commencement of the action had the right of property or the right of possession only, and in either case shall assess such damages as they shall think right and proper for the defendant; for which, with costs of suit, the court shall render judgment for defendants; Civ. Code of Wyoming, 1869, Sec. 195. We do not think the finding of either of the matters specified in the section constitutes a returning of a verdict, but rather the consideration of the grounds upon which the verdict is based. In other words, the jury is instructed to find whether a certain state of facts exist, and if so, they shall return their verdict accordingly; and not that the jury are to return the grounds upon which the verdict is based. It is true Mr. Seney, in his code, holds that a general verdict is not sufficient, and cites a case decided by one of the courts of Ohio on the point; but with all due deference to that authority, we are of the opinion that in this case no good would be accomplished by such a special finding, nor has any injury been sustained by either party in consequence of the general verdict, and as our code provides that the proceedings shall not be disturbed on account of any informality which does not affect injuriously either party, we do not find this a ground to disturb the verdict."

This reasoning of the Territorial Supreme Court disposes of the contention in the case at bar. See, also, Ulrich v. McConaughey, 63 Neb. 10, 88 N. W. 150. The general verdict for defendant would not have been returned unless the jury believed defendant had the right of property as well as the right of possession at the commencement of the action.

*The judgment will be affirmed.*

BLUME, Ch. J., and RINER, J., concur.