C. LAWRENCE STULL, APPELLANT, V. U. S. TAYLOR, APPELLEE.

FILED MAY 8, 1931. No. 27463.

*Grant G. Martin* and *Bartos, Bartos & Placek,* for appellant.

*Hastings & Hastings, contra.*

Heard before GOSS, C. J. ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

DEAN, J.

This replevin action was begun in the district court for Perkins county by C. Lawrence Stull, plaintiff, against U. S. Taylor, defendant, to recover possession of certain personal property described in two chattel mortgages which were made and executed by Taylor, in favor of Stull, to secure the payment of two certain promissory notes in the several sums of $900 and $225.24, respectively. Both notes are dated August 25, 1928, and both, by their respective terms, became due and payable September 1, 1929. Plaintiff began this action on March 27, 1929, five months before the due date of the notes, alleging that he had sufficient cause to feel unsafe and insecure in respect of the payment by the defendant of the respective sums due upon the notes.

Upon submission, the jury found against the plaintiff and for the defendant. Thereupon the court decreed that, pursuant to the verdict, the defendant was the owner of and entitled to the immediate possession of the property named in the mortgages. In respect of the $900 note and mortgage, the court assessed defendant's damages in the sum of $855, for the detention of the property under the writ of replevin, namely, a tractor, a disc, a harrow, and a drill. And, in case a return of such property could not be had, the court decreed that defendant should recover $880 for the value thereof. In respect of the property given by the defendant as security for the $225.24 note and mortgage, namely, a hay rake, a mower, a hay rack, a plow, and a gas engine, the court ordered that plaintiff pay defendant $75 as damages for the detention thereof

and, in case a return of such property could not be had, it was ordered that defendant recover $95 for the value thereof. Plaintiff has appealed.

The plaintiff is the step-father of the defendant and is the owner of certain tracts of land in Perkins county. He entered into an agreement with the defendant wherein defendant was to perform certain farming operations for plaintiff on his land and for which defendant was to be paid a certain amount of money for discing, harrowing, and drilling the land. It was also agreed between the parties that plaintiff was to pay for the oil and gas used in the machines while engaged in the farming operations.

Plaintiff testified that defendant paid nothing on the $225.24 note, nor had he paid anything on the $900 note. And he also testified that the defendant sold part of the mortgaged property and informed the plaintiff after the sale. The plaintiff testified that he demanded of the defendant that he give up the remainder of the personal property in his possession but that the defendant refused to do so. Thereupon the property was then replevied by the sheriff in behalf of the plaintiff. The record discloses that the plaintiff agreed to credit the defendant for certain labor performed for him by defendant and, on the rebuttal, the plaintiff admitted that he was indebted to the defendant in the sum of $196.35 for discing and that he also owed the defendant $498.38 for other labor which he had performed for him.

The defendant testified that he disced and harrowed the plaintiff's land and that he had not received any remuneration therefor nor did he receive any credit on his notes. A letter written by the defendant is in the record wherein it appears that he requested the plaintiff to credit him for his labor. And in an itemized statement that was inclosed with the letter the defendant points out that the plaintiff owed him $646.33 for labor in discing and harrowing plaintiff's land and for gas and oil that he used while so engaged in such labor.

The record does not disclose that any of the property that was scheduled as security by the defendant for the payment of the $900 note was sold by him. But, as above pointed out, the plaintiff was indebted to the defendant for labor performed in discing, seeding, and drilling on the plaintiff's farm land. And in certain letters which were submitted to the jury, it is disclosed that the defendant therein demanded that plaintiff credit him in full for the payment of the $225.24 note. That the defendant was well within his rights, in view of the foregoing facts, is elementary. Clearly he had a right to demand that the amount due him from the plaintiff for labor be credited upon his $225.24 note. In a like situation the rule has been stated:

"Payment will be applied as the debtor directs. If he does not apply at the time he makes his payment, the creditor has the same right if he exercises it within certain limitations of time. If the creditor does not, then the court makes an application according to rules of law hereinafter stated." 48 C. J. 642. See, also, *Murray v. Schneider*, 64 Neb. 484; *Murdock v. Clarke*, 88 Cal. 384.

We do not think error can be assigned in the fact that the defendant retained for his own use the balance remaining from the sale of the property named in the $225.24 mortgage over the amount of the $225.24 note and mortgage. Inasmuch as the notes and mortgages had not then matured, and the plaintiff was indebted to him for labor, the defendant was within his rights in retaining the surplus of the sale.

Plaintiff contends that the court erred in permitting evidence of a set-off when the set-off was not specifically pleaded. Under our former decisions, however, the defendant had a right, under his general denial, to show that the plaintiff was indebted to him for labor in an amount equal to that due on the notes. *Davis v. Culver*, 58 Neb. **265.**

It clearly appears that the damages awarded herein for

the detention of the property are excessive. If the property is returned to the defendant, he not only obtains the property but damages for its detention in an amount almost equal to the value thereof. If the property is returned, in the absence of special damages shown, defendant is entitled only to compensation or damages to the extent of 7 per cent. interest on the value of the property during the time it was wrongfully detained. Upon this basis, damages for the wrongful detention amount to only $55, while $930 was the amount awarded in the judgment. See *Oak Creek Valley Bank v. Hudkins*, 115 Neb. 628.

We conclude that if the defendant shall, within 20 days, remit from the judgment for wrongful detention the sum of $875 the judgment will be affirmed; otherwise, the judgment will be reversed and the cause remanded for a new trial.

AFFIRMED ON CONDITION.