## GREGORY *v.* MORRIS ET AL.

REPLEVIN.—Where, in an action of replevin, the court refused under the pleadings to permit the defendant to prove title to the property, but permitted the defendant to so amend his answer that the court might admit such evidence: *Held*, that the court did not err in so doing.

IDEM.—The right of possession merely is sufficient to enable a party to maintain an action of replevin.

IDEM.—In a contract between vendor and vendee, which contained a clause to the effect that the right of property should remain in the vendor, with the right to seize the same at any time until the vendee should have complied with the terms of the contract: *Held*, that such clause was valid as between parties, and that an action in replevin could be maintained by the vendor, although possession had been given to the vendee.

IDEM.—Although a general verdict in an action of replevin is not strictly in accordance with the provisions of the code of procedure, yet it is not such an error as to justify the interference of an appellate court, unless it is shown that the plaintiff in error sustained injury thereby.

[This case was affirmed by the supreme court of the United States, in March, 1878.]

ERROR to the Second District Court for Albany County.

The opinion of the chief justice contains a sufficient statement of this case:

*W. W. Corlett and M. C. Brown,* for plaintiff in error.

I. One of the errors complained of by the plaintiff in error is, that the court below erred in permitting the defend-

ants to file an amendment to their answer, setting up a new and substantial ground of defense during the trial of the case. On this point see section 148 of Code of Civil Procedure of Wyoming Territory, title "Replevin," Laws of 1869; 2 Greenl. on Ev., sec. 560 *et seq.*

II. The said plaintiff in error moved to set aside the verdict in said case because it was not sustained by sufficient evidence. The court overruled said motion to set aside the verdict and defendant excepted. This was manifestly error, for the reason that the defendant Poteet could not have been damaged in the amount found by the verdict, for he had no interest in the cattle, being merely an agent for the defendant Morris, to take and sell the cattle for Morris. On this point see *Coe* v. *Peacock*, 14 Ohio, 187; *Booth et al.* v. *Ableman et al.*, 20 Wis. 23.

III. The said plaintiff in error also moved to set aside the verdict in said case because the assessment of damages was manifestly erroneous. Said motion was overruled, and plaintiff excepted. That this was error is manifest when it is considered that C. E. Poteet, a mere employee of W. A. Morris, and having no interest in the property in question, has a verdict for damages with W. A. Morris for seven thousand four hundred and fifty-four dollars and ninety cents: See *Coe* v. *Peacock*, 14 Ohio S. 187; Code of Civ. Proc. 1869, sec. 195; Pow. on App. Proc. 145, 146; *Hewsen* v. *Saffin & Smith*, 7 Ohio, 232; 2 Nash's Pl. and Pr. 828, 829.

IV. A fourth error on the part of said district court, and for which the said plaintiff in error moved said court to set aside said verdict of the jury, was that said verdict was not in proper form, as it did not find that the defendants, or either of them, were entitled to the right of possession or property in the cattle in question. But the court overruled said motion to set aside said verdict and rendered judgment thereon. That this was error: See Code of Civ. Proc. 1869, sec. 195; Powell on App. Proc. 145, 146; *Hewsen* v. *Saffin & Smith*, 7 Ohio, part 2, 232; 2 Nash Pl. and Pr. 828, 829.

V. A fifth error of said district court complained of by

said plaintiff in error is, that said district court erred in permitting a certain contract to be read to the jury, the said alleged contract being in writing. This was clearly error, for two reasons: First, because the execution of said written contract had not been proved; Second, because the contract was irrelevant. On the first ground of objection, see 1 Greenl. on Ev. sec. 569 *et seq.;* 2 Phill. on Ev. 386-7-8-9, 394, and cases there cited; 11 Wend. 136; 9 Johns. 136; 15 Pick. 534; 5 Cowen, 383; 13 Wend. 118, 188; 5 Car. & Payne, 48; 2 Serg. & Rawle, 420. On the second point of this alleged error: See 3 Pars. on Con. 234–243, ch. ix, title "Lien;" 1 Pars. on Con. 569-572, title, " Mortgage."

VI and VII. These alleged errors involve the same questions involved in error V.

VIII. Another alleged error of the said district court, as shown by the record, is involved in the first instruction of the court to the jury. This instruction is inconsistent with instruction No. 3. as given by the court, and assumes that all the writings given in evidence by defendants were duly proved, so far as their execution was concerned; and also assumes that the defendant Poteet took possession of the cattle by virtue of certain writings given in evidence, and also assumes that the defendants retained a lien on the cattle without possession and without taking a mortgage on the cattle, as required by the laws of this territory: 3 Pars. on Con. 234, 243, title "Lien;" 1 Pars. on Con. 569-572.

IX. As to the alleged error involved in the second instruction of the district court given to the jury, see authorities cited as to error 8; and,

X. As to the alleged error involved in the third instruction given to the jury by the said district court, see authorities above cited.

XI. As to the error involved in the fourth instruction given to the jury by said district court, it may suffice to say that the court by its instruction treats the said contract between said Gregory and Morris as a chattel mortgage with all its incidents, and among other incidents which the

court gives is that of a right of redemption in the mortgagor after condition broken.    On this question see the authorities above cited in 1 and 3 of Par. on Con.

XII. The alleged error involved in the fifth instruction, given by said district court to the jury, is fully considered in the preceding alleged erroneous instructions.

XIII. The sixth instruction given by the court to the jury was erroneous for two reasons: 1. Because there was no evidence before the jury to enable them to compute the difference between gold and currency; and, 2. Because the verdict and judgment in the case, if the plaintiff's obligation was to pay for the cattle in gold, should be for the proper amount in gold and not in currency.    On this point see *Butler* v. *Horwits,* 7 Wall. 258; 7 Id. 229; *Tribilcock* v. *Wilson,* 12 Wall. 687; *Jones* v. *Childs and Vansicke,* 8 Nev. 121.

XIV. The next alleged error in this case relates to the seventh instruction of the court below to the jury.

*J. W. Kingman,* for defendant in error.

I. To the first error relied on by the plaintiff, we say that the issue tendered by the defendants was simply *non detinet,* that they did not unlawfully detain the property replevied. But this plea puts in issue the title to or ownership of the property: 10 Ohio 344; 12 Id. 112.    No amendment was therefore required in order to let in evidence of ownership in the defendants, and the plaintiff was wrong in objecting to such evidence and compelling defendant to amend.    He can take no advantage of error in his favor: Seney's Code, 276, sec. 17.

II. Second, third and fourth.    It is sufficient answer to each of the second, third and fourth objections that a general verdict for defendant finds the issue presented for them and finds the right of property and right of possession in them.    It was then the duty of the jury to assess such damages for the defendants as they might think right and proper: Seney's Code, 275, 377.

III. The execution of the contract was proved by Greg-

ory himself on cross-examination. But no objection of this kind was taken at the trial, and cannot be taken now: Hill. on New Trials, 77.

IV. The written contract was the only contract made by the parties. It was the duty of the court to instruct the jury as to its legal effect, and this construction can only be assailed by showing it to be erroneous or that it misled the jury: Hill. on New Trials, 250; 1 Par. on Con. 569.

V. The currency of the country is a matter of public notoriety, and both the court and the jury will and must take judicial notice of it without proof: 1 Greenl., sec. 4–6; 1 Phill. 618–626. The cases cited from Wallace are all divided opinions and turn on another point, to wit: whether legal tenders can pay a contract payable in gold by its terms. If there is an error, it is only one of computation, and this court will correct it. The verdict will not be set aside. But this point, as now presented, was not raised at the trial: Hill. on New Trials, 78.

As· to the objection of sending written evidence to the jury room: Seney's Code, 368; Hill. on New Trials, 174.

By the Court, FISHER, C. J.: This was an·action in re-plevin, brought to this court from the February term, A. D. 1874, of the district court in and for the county of Albany,· in the second judicial district of the territory of Wyoming.

The record of the case shows that on the twenty-sixth day of February, A. D. 1873, W. A. Morris, one of the defendants in error, and A. J. Gregory, plaintiff in error, entered into a written contract, in the city of Austin, in the state of Texas, stipulating for the sale of a large number of cattle to A. J. Gregory, in accordance with a schedule of prices attached to and made a part of the record in this action. One of the terms of said contract was that the said Morris, having sold and delivered to said Gregory the cattle referred to in the written contract, was to retain a lien on the cattle until the whole of the purchase-money, amounting to between seven and eight thousand dollars, should be

paid by Gregory, and that in the event of the balance of said purchase-money not being paid on or before the first day of October, A. D. 1873, that then the agent of Morris, viz: C. E. Poteet, was to sell all or such portion of said cattle as would pay the purchase-money then remaining due and unpaid, as well as the wages and other expenses of said Poteet, as has been stipulated for in the said written contract.

The written contract having been duly signed by the parties, Morris gave Poteet a power of attorney authorizing him to accompany and retain the lien provided for in said contract.

The parties arrived on the Laramie plains with said cattle some time in the month of September, A. D. 1873, and the cattle remained in the possession of Gregory from that time until October 4, 1873, at which time the purchase-money not having been paid, Poteet took forcible possession of the cattle, and drove them from the ranch at which they were grazing to the ranch of Mr. Alsop, some distance from there.

Gregory then brought his action in replevin to recover possession of the cattle and damages for the wrongful detention thereof against both Morris and Poteet, setting up the ordinary counts in his petition.

The defendants filed an answer, denying all the allegations of plaintiff's petition, and denying specially that they wrongfully detained the said property.

The case coming on for trial in the district court, the plaintiff proved the possession, ownership, taking, demand and detention of the property, with the value, etc.

The defendants then undertook to introduce the written contract and other documentary evidence, which was objected to by plaintiff's attorneys, and the objection was sustained by the court. Defendants then asked permission to amend their answer, setting up the special matter which had been refused under the original answer. This was also objected to by attorneys for plaintiff, but the objection was

overruled, the written evidence was admitted, to which the plaintiffs' attorneys reserved their " exception."

All the evidence on the part of the defendants was then given, together with certain rebutting evidence on the part of the plaintiff, and the case went to the jury under certain instructions of the court, to some of which exceptions were saved, which will be adverted to hereafter, and the jury returned a verdict for defendants, assessing the damages at seven thousand four hundred and fifty-four dollars and ninety cents, and judgment was duly entered on the verdict.

The plaintiff's attorneys filed a motion for a new trial, and assigned the same errors which are brought to this court by petition in error. The errors relied upon by the plaintiff in error, who was plaintiff below, are:

1. That the court below permitted the defendants to file an amended answer to plaintiff's petition, in which they set out the documentary evidence upon which they relied to defeat the plaintiff's claim.

2. That certain questions were permitted to be propounded to the plaintiff on his cross-examination touching the terms of the contract for the sale and purchase of the cattle taken in replevin.

3. The instructions of the court below, as well as the instructions refused to be given on behalf of the plaintiff. There are a large number of exceptions taken, but we find that the foregoing embrace the substance of the whole.

If there was any error on the part of the judge who presided at the trial of the case, on the subject of permitting or refusing the written contract, or other documentary evidence, we do not find that the plaintiff had the right to complain of it, from the fact that we are of opinion that the defendants should have been permitted to have given the said evidence under the issues raised by the petition and answer. The petition of the plaintiff set out the wrongful detention of the cattle, which constitutes the gist of the action in replevin, while the defendants set up the plea of *non*

*detinet.* The plaintiff's attorneys claim that the plea of *non detinet* at common law admits the title to be in the plaintiff. This, however, is clearly wrong; the plea of *non cepit*, which was the general issue at common law in actions in replevin, originally did admit the title to the property. to be in the plaintiff, but this was only so long as actions in replevin were resorted to to recover goods and chattels distrained for rent: See 3 Blackstone, 13. But under our statute the plea of *non cepit* is hardly ever set up, but the wrongful detention usually being the turning point in the case, the plea of *non detinet* has virtually become the general issue.

If then, the defendants plead the general issue, we think they should have been permitted to have proven property in the cattle taken in replevin. It is true the plea of "property" is set up in many of the courts in this country, but we think that under the practice in this territory that the defendants had the right to prove property in themselves under their general denial, or at least under the special denial of the wrongful detention of the property. Now, conceding this to have been error, was it such an error as the plaintiff could complain of? Surely not; the court having refused to permit defendants to give in evidence the testimony by which they could establish their right to the possession of the property taken in replevin.

We think the court below did right in permitting the defendants to amend their answer, so that the facts might go to the jury. Amendments of this character are clearly permissible under the code of civil procedure of Wyoming; this is especially so when we take into consideration the ruling of the court on the objection of the evidence under the original answer filed. Another reason why we do not find any error in permitting the amendment to the answer to be filed, is found in section 149 of the code of 1869: That "the court in every stage of action must disregard any error or defect in the pleading or proceedings which does not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason of such

error or defect." Now, while we do not find any error, unless it be the refusal of the court to allow the documentary evidence to be given under the original answer, yet even if there was any other error, surely the ruling of the court did not wrongfully affect the rights of the plaintiff.

The next point to be considered is, whether the defendants had such a right of possession of the cattle in question as justified them in taking them into possession and refusing to surrender them to the plaintiff on demand being made? A reference to the written contract, we think, is enough to satisfy any one on this question. Written contracts are supposed to contain the intentions of the contracting parties at the time they are made, and while ordinarily the delivery of chattels into the custody of the vendee is a transfer of the right of property from the vendor to the vendee, and as between them and third parties the law presumes that a change of possession carries with it a change of title; but as between the vendor and vendee, there may very readily be such stipulations as causes the right of property to remain in the vendor, as gives him the right to resume possession upon the breach of any of the covenants contained in the stipulations of sale: See 3 Par. on Con. 252, 258. The record in this case discloses just such a contract, containing such a stipulation—that if the vendee failed to comply with the terms of the written contract, that then the property was to revert to the vendor under other covenants in said contract.

The next point to be considered is, the instructions of the court, viz., that the rights of the parties are to be determined by the terms of the written contract; but having treated of this under the second point considered, we need not enlarge here, as we deem it sufficient to say that we find no error in the instructions given.

There is another error complained of, and that is, that the verdict of the jury should have been based upon a gold standard, inasmuch as the sum due on the contract was payable in gold, but this suit not having been brought on the

contract, but for damages for the wrongful taking and deten-
tion of the property, the jury did right in returning their
verdict without reference to the standard of either gold or
currency.

There is one other question raised by the plaintiff in error
which perhaps demands the attention of this court, and
which has not been referred to, and that is, the extent to
which the jury, as it is claimed, should have gone in mak-
ing up their verdict. The code of this territory provides
that where the property taken in replevin has been taken by
the plaintiff, and the jury find for the defendant, they shall
find whether the defendant at the commencement of the ac-
tion had the right of property or the right of possession
only, and in either case shall assess such damages as they
shall think right and proper for the defendant; for which,
with costs of suit, the court shall render judgment for de-
fendants: Civ. Code of Wyoming, 1869, sec. 195. We do
not think the finding of either of the matters specified in the
section constitutes a returning of a verdict, but rather the
consideration of the grounds upon which the verdict is based.
In other words, the jury is instructed to find whether a cer-
tain state of facts exist, and if so, they shall return their
verdict accordingly; and not that the jury are to return the
grounds upon which the verdict is based. It is true Mr.
Seney, in his code, holds that a general verdict is not suffi-
cient, and cites a case decided by one of the courts of Ohio
on the point; but with all due deference to that authority,
we are of the opinion that in this case no good would be
accomplished by such a special finding, nor has any injury
been sustained by either party in consequence of the general
verdict, and as our code provides that the proceedings shall
not be disturbed on account of any informality which does
not affect injuriously either party, we do not find this a
ground to disturb the verdict.

We think substantial justice has been done, and that the
verdict of the jury is amply sufficient to sustain all the rights
of the parties. The judgment of the court below is affirmed.