## GREGORY *v.* MORRIS.

1. The rule of the common law, that the lien of the vendor of personal property, to secure the payment of purchase-money, is lost by the voluntary and unconditional delivery of the property to the purchaser, does not prevent the parties from contracting for a lien which, as between themselves, will be good after delivery.

2. Where a party entitled to recover a certain amount in gold coin takes, with the approbation of the court, a judgment which may be discharged in currency, the judgment should be for a sum equivalent in value to the specified amount of that coin as bullion.

3. Where the record does not show that the finding of the jury is contrary to the instruction of the court, the presumption is that they followed it.

4. Where a witness testifies, in his direct examination, to a purchase made by him, it is competent, on cross-examination, to ask him whether his contract was in writing; and, if it was, to identify the paper.

ERROR to the Supreme Court of Wyoming Territory.

On Feb. 26, 1873, W. A. Morris and A. J. Gregory executed a written contract at Austin, Texas, for the sale to the latter, in accordance with a schedule of prices in gold, of a large number of cattle. The contract provided that Morris was to retain a lien on the cattle until the purchase-money, amounting to nearly $8,000, should be paid; and it, for the purpose of preserving said lien, authorized him to designate some person as his agent to go along with and retain possession of the cattle. In the event of the balance of the purchase-money not being paid on or before Oct. 1 following, such agent was to sell all or such portion of the cattle as would pay the purchase-money then due, as well as the wages and other expenses of the agent. After the contract was signed, Morris executed to one Poteet a power of attorney, authorizing him

to accompany the cattle, and retain the lien provided for. · The cattle arrived on the Laramie Plains some time in September. Oct. 4, the purchase-money not having been paid by Gregory, Poteet took forcible possession of the cattle, and drove them from the ranche where they were grazing to that of one Alsop, some distance off. Gregory then brought replevin against Morris and Poteet to recover possession of the cattle, and damages for their wrongful detention.

The defendants, in their answer, denied all the allegations of the petition, and specially that they wrongfully detained the cattle. At the trial, the plaintiff having introduced evidence tending to prove possession and ownership, the value of the cattle, the taking and detention of them, and his demand for their return, the defendants offered the written contract and other documentary evidence, which offer was objected to by the plaintiff, and the objection sustained. The defendants, having by leave amended their answer, were permitted to introduce the special matter which, under their original answer, had been excluded by the court. The plaintiff thereupon excepted. Upon the close of the testimony, the court gave certain instructions to the jury, which were excepted to at the time by the plaintiff, and are set out in the assignments of error.

The court, without objection, charged the jury, that, " there being no question of title to the cattle put in issue by the pleadings, but of possession only, if you find for the defendants, you will find ' that they had the right of possession,' and will assess such damages as they have sustained by reason of being deprived of that possession, and the opportunity of selling the cattle according to the contract."

The plaintiff prayed for certain instructions, which were refused by the court. They are stated in the seventh assignment of error.

The jury found for the defendants, and assessed their damages $7,454.90. A motion by the plaintiff for a new trial having been overruled, and judgment rendered, which was affirmed by the Supreme Court of the Territory, he sued out this writ, and here assigns for error that said Supreme Court erred, —

1. In sustaining the ruling of the District Court in instruct-

ing the jury as follows, to wit, " The jury must compute the damages, and return their verdict on that computation in dollars and cents; and, if the jury find the contract on the part of the plaintiff was to pay a certain sum of money in gold, they will compute the difference between gold and currency, and render their verdict in dollars and cents in currency."

2. In sustaining the ruling of said District Court in giving to the jury the following instruction : " That the written contract between Morris and Gregory, in connection with the bill of sale, the receipt, and the power of attorney to Poteet, necessarily explain and define the rights and interests of the parties to this action in the property in question."

3. In sustaining the ruling of said District Court in giving to the jury the following instruction :. " That by and under those papers the defendants had a legal right to take possession of the cattle in question on or after the first day of October last, and retain such possession, for the purpose of selling them, according to the terms of said contract."

4. In sustaining the ruling of said District Court in giving to the jury the following instruction : " That if the jury find that Poteet, in pursuance of his power of attorney, took possession of said cattle, and removed them to Alsop's ranche for the purpose of selling them, according to the terms of said contract, then they must find the right of possession in the defendants at the commencement of this action, and must assess such damages for the defendants as are just and proper."

5. In sustaining the ruling of said District Court in giving to the jury the following instruction : " That the pleadings in this case put in issue only the right of possession at the time of the service of the writ of replevin, and you are instructed that the right of the plaintiff in these cattle at that time was only a right of redemption as a mortgagor after condition broken; and that he had no right to the possession of the cattle, and no right to take them, by replevin or otherwise, from these defendants, or either of them, until he had paid or tendered the amount due on the contract."

6. In sustaining the ruling of said District Court in giving to the jury the following instruction : " If the jury find that by the terms of the written contract, which must govern in this

case, that the defendants, on the first day of October, 1873, had a right to sell these cattle, the right to sell necessarily carries with it the right of possession."

7. In sustaining the ruling of the said District Court in refusing to give to the jury the following instructions: " If the vendor, Morris, made an agreement of sale and delivery, and, in conformity therewith, did sell and deliver cattle to Gregory, the vendee, and by the terms of the agreement made between the parties the vendor was to have and maintain a lien upon the chattels, or cattle, for the balance of the purchase price, by keeping the said cattle in the possession of the vendor during the journey from Texas to Wyoming, until the first day of October, 1873, the vendee, Gregory, after receiving the cattle from Morris, must have first redelivered the said cattle to Morris, and placed them in his hands as a pledge before the agreed lien of Morris for balance of purchase price could vest; and, second, if such redelivery was made by Gregory, the vendee, to Morris, the vendor, and thereafter the vendor, Morris, by himself or his agents, by his own fault, carelessness, or negligence, permitted the possession of the said cattle to again pass to Gregory, the vendee, Morris, the vendor, thereby lost his lien, and all right of possession and right of property, and possession must thereafter rest and remain in Gregory."

8. In sustaining the ruling of the District Court in overruling the motion of the plaintiff to set aside the verdict of the jury, for the reason that it was not in due form.

9. In sustaining the action of said District Court in rendering judgment upon the verdict, the said verdict not being in the form required by law, nor in such form that any lawful judgment could be rendered thereon.

10. In sustaining the ruling of said District Court in overruling the plaintiff's motion to set aside the verdict of the jury and to grant a new trial.

11. In sustaining the action and ruling of the District Court in admitting in evidence, over the objection of the plaintiff, written instruments, the execution of the same not having been proved.

*Mr. W. W. Corlett* for the plaintiff in error.

*Mr. J. M Wilson, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The second, third, fourth, fifth, sixth, seventh, and tenth assignments of error may be considered together. They relate entirely to the construction and effect given the contract between Gregory and Morris, as shown by the several instruments in writing put in evidence. There was no real controversy as to the facts; but Gregory claimed that he was the purchaser of the cattle in dispute from Morris, and that the lien provided for in favor of Morris was one which a delivery of the property under the contract extinguished. There was no pretence of payment on his part further than that shown by the contract itself, or of title, except such as was acquired through this purchase.

The lien at common law of the vendor of personal property to secure the payment of purchase-money is lost by the voluntary and unconditional delivery of the property to the purchaser; but this does not prevent the parties from contracting for a lien which, as between themselves, will be good after delivery. So, ordinarily, when the possession of a pledge is relinquished, the rights of the pledgee are gone. In this case, however, Morris was not willing to rely upon the lien which the law gave him as vendor, or upon a mere pledge of the property, but required a special contract on the part of Gregory, securing his rights. This contract created a charge upon the property, not in the nature of a pledge, but of a mortgage. The lien, as between the parties, was not made to depend upon possession, but upon a contract, which defined the rights both of Morris and Gregory, and the power of Morris for the enforcement of his security. When Poteet assumed the exclusive possession of the property, no rights of third persons had intervened, and there was nothing to prevent the execution of the agreement according to its terms. This clearly gave Morris the right, after Oct. 1, if the purchase-money was not paid, to take the cattle into his own possession, detain them until the balance due him was discharged, and sell them if necessary to obtain his money. We think the court defined correctly the rights of the parties, and that there was no error in this particular, either in the charge or the refusal to charge.

The first assignment of error brings up for consideration the rule of damages laid down by the court. By the laws of Wyoming Territory, property taken in replevin is delivered to the plaintiff upon his entering into an undertaking to the defendant, with one or more sufficient sureties in at least double the value of the property taken, to the effect that the plaintiff shall duly prosecute his action, and pay all costs and damages which may be awarded against him. Civil Code, 1869, sect. 190. If the property is so delivered, and the jury find for the defendant upon the issues joined, they are also required to find " whether the defendant has the right of property or the right of possession only; . . . and if they find either in his favor, they shall assess such damages as they think right and proper for the defendant; for which, with costs of suit, the court shall render judgment for the defendant." Sect. 195. The delivery of the property to the plaintiff passes the title to him as against the defendant, who must look for his protection to a recovery in damages, if the writ is wrongfully sued out.

In this case, the finding for the defendant is, under the pleadings, in effect, that Morris was the mortgagee of the property in possession after condition broken, and that Gregory had by the replevin wrongfully deprived him of his possession. That rendered Gregory liable for such damages, in consequence of his wrongful act, as were " right and proper " under the circumstances. The obligation secured by the mortgage or lien under which Morris held was for the payment of gold coin, or, as was said in *Bronson* v. *Rodes* (7 Wall. 229), " an agreement to deliver a certain weight of standard gold, to be ascertained by a count of coins, each of which is certified to contain a definite proportion of that weight," and is not distinguishable " from a contract to deliver an equal weight of bullion of equal fineness." In that case, it was held that judgment might be rendered upon such a contract payable in coined dollars; but here the suit is not upon the contract for the recovery of the amount agreed to be paid, but, in effect, for damages on account of the wrongful detention of property mortgaged to secure the debt. Gregory himself asked the court to charge that " the jury must compute damages and return their verdict in dollars and cents." This was undoubtedly correct, and it was done;

but he further asked the court to say that " no agreement or contract to pay a certain number of dollars in gold can be enforced. The national currency is by law a legal tender at its face value for all debts and demands, public or private, except duties on imports and interest on the public debt." This was in conflict with *Bronson* v. *Rodes*, and therefore properly refused.

But the court did say to the jury, that, if they found the contract on the part of the plaintiff was to pay a certain sum of money in gold, they should compute the difference between gold and currency, and render their verdict in dollars and cents in currency; and in this we see no error. While we have decided that a judgment upon a contract payable in gold may be for payment in coined dollars, we have never held that in all cases it must be so. While gold coin is in one sense money, it is in another an article of merchandise. Gregory was required to discharge his debt in gold before he could rightfully take the property into his possession under the replevin. If the payment had been so made, Morris would have had his coin at that time to use as money or merchandise, according to his discretion. But it was not made; and Gregory, by his wrongful act in taking the property, subjected himself to damages. If the contract had been in terms for the delivery of so much gold bullion, there is no doubt but the court might have directed the jury to find the value of the bullion in currency, and bring in a verdict accordingly. But we think, as was thought in *Bronson* v. *Rodes*, such a case is not really distinguishable from this. The question is not whether Gregory had the right to pay in gold dollars after his debt had become due, but whether, having wrongfully got the property into his possession without payment at all, the damages he is required to pay on account of this wrongful act must, as a matter of law, be estimated in gold, or whether they may be in currency. We think it clear, that, under such circumstances, it was within the power of the court, so far as Gregory was concerned, to treat the contract as one for the delivery of so much gold bullion; and, if Morris was willing to accept a judgment which might be discharged in currency, to have his damages estimated according to the currency value of bullion. Certainly, if Morris

had in good faith sold the cattle under his power of sale for currency, and received payment in that kind of money, he would have been entitled to convert the currency into gold before crediting it upon his debt. So here, if, with the approbation of the court, he takes a judgment that may be discharged in currency, the judgment should be for an amount which would be the equivalent in currency of the specified amount of coin as bullion. This was the rule adopted by the court, and we think it correct.

The eighth and ninth assignments of error relate to the form of the verdict. As has already been seen, where the property has been delivered to the plaintiff, the jury, if they find for the defendant, must also find whether the defendant has "the right of property or the right of possession only." In this case the verdict, though for the defendant, is silent upon that point; but the record shows that by consent the court charged the jury if they found for the defendants they should find "that they had the right of possession only." This cures any defect there may have been in the verdict in this particular. The whole record must be taken together; and, as the jury did not find to the contrary of the instruction, the presumption is that they followed it.

All the other assignments relate to the admissibility of evidence, and as to them it is sufficient to say we are satisfied with the rulings that were made. Certainly, the instruments in writing which were objected to were admissible. They tended directly to prove the defence set up in the amended answer, and no objection appears to have been made at the trial as to the proof of their execution. The cross-examination of Gregory, which was objected to, was clearly legitimate, under the most stringent rules governing that subject. He had testified that he had purchased the cattle from Morris.    was clearly proper, therefore, on cross-examination, to ask hi.. if his contract of purchase was in writing, and, if so, to identify the paper.

*Judgment affirmed.*