### EUREKA TOOL CO. v. COLLINS.

No. 27917. April 12, 1938.

Rehearing Denied May 10, 1938.

Ram Morrison, for plaintiff in error.

Geo. C. Crump and H. W. Carver, for defendant in error.

PER CURIAM. This is an appeal from a judgment of the district court of Seminole county. The action was instituted by Lena Collins, hereafter referred to as plaintiff, against Eureka Tool Company, a foreign corporation, hereafter referred to as defendant, to recover upon an assigned account. The petition of the plaintiff, in substance, alleged that defendant, by its agent, James Pangburn, purchased of Collier Brothers, a copartnership, certain goods, wares, and merchandise of the total and aggregate value of $465 which had been used in the burial of the body of Evard Collins, who prior to his death on August 15, 1933, was the husband of the plaintiff and an employee of the defendant, and that the defendant, through its vice president, had approved and ratified the act of said James Pangburn in the purchase of said goods, wares, and merchandise, but had failed and refused to make payment therefor as promised, and that plaintiff was the assignee of said account and entitled to sue thereon. After numerous unsuccessful efforts to obtain service, alias summons was issued and served upon the defendant in the manner provided by section 130, O. S. 1931. Motion of the defendant to quash such service for the reason that the same had not been issued, served, and returned as required by law was overruled. Defendant then by a special demurrer challenged the jurisdiction of the court over its person, the subject matter, and the venue of the action. When defendant's special demurrer was overruled, it then answered, and after a general denial and the admission of its corporate capacity, specifically denied the allegation of agency and the claim of ratification made in plaintiff's petition, and further pleaded want of jurisdiction of the court by reason of venue, and as a further defense that the action was res adjudicata by reason of a nonsuit which had been taken by Collier Brothers on the account prior to its

assignment to plaintiff, and the further plea that the alleged contract was ultra vires. This answer was duly verified. Reply of plaintiff was a general denial. Default judgment entered for the plaintiff on November 12, 1936, was vacated on motion of the defendant and the cause was thereafter tried to a jury. Demurrer of the defendant to the evidence of the plaintiff and motion for a directed verdict in favor of the defendant were overruled and denied. The jury returned a verdict in favor of plaintiff and assessed her recovery at the sum of $465. The defendant appeals from the judgment rendered on the verdict and the order overruling its motion for new trial.

Defendant assigns twelve specifications of error. The substance of defendant's contentions are that its motion to quash service of summons and its special demurrer and its demurrer to the evidence of the plaintiff and its motion for directed verdict · should have been sustained.

The defendant, a foreign corporation, had appointed an agent upon whom service of process could be had, as provided by section 130, O. S. 1931. The summons which was served upon defendant's agent and which is shown in the record appears to have been regularly issued, served, and returned. The special appearance and motion to quash filed by the defendant did not challenge the jurisdiction of the court in any particular, but merely attacked the sufficiency of the summons which had been served upon it. This was not sufficient. As said in the case of Ada-Konawa Bridge Co. v. Cargo, 163 Okla. 122, 21 P.2d 2:

"Where an action is brought in a county other than that in which the defendant or some one of the defendants resides, or may be summoned, and the court in which the action was brought has a general jurisdiction in that class of cases, the defendant, if he appears therein, must timely plead or answer to the jurisdiction of the court over his person to take advantage of the irregularity or abuse of legal process on him in the court where said action is brought, and the filing of a special appearance and motion to quash on the sole ground that the summons and purported service thereof was not issued, served and returned according to law and is insufficient to confer jurisdiction on the court, and without specifically raising therein the question of venue of the specific jurisdictional question over his person by reason of the summons not being rightfully issued from the county in which the action is pending to the county of his residence, is not sufficient."

It is well settled that any appearance of a party to an action other than to challenge the jurisdiction of the court is a general appearance for all purposes of the action. Abercrombie v. Abercrombie, 64 Kan. 29, 67 P. 539. Under the circumstances, the special demurrer of the defendant came too late.

The contention of the defendant that its demurrer to the evidence of the plaintiff and its motion for directed verdict should have been sustained is well taken. The allegations of agency in plaintiff's petition were denied by the verified answer of the defendant. It was essential to plaintiff's recovery that she introduce proof of such agency. Pierce Oil Corp. v. Myers, 117 Okla. 161, 245 P. 863. Plaintiff attempted to prove agency by acts and deeds of the alleged agent. This is not permissible. As said in Thorp Oil & Specialty Co. v. Home Oil Refining Co., 79 Okla. 225, 192 P. 573:

"Agency cannot be proved against another by evidence of the declarations of an agent, and, where one purports to act as agent for another, that fact of itself is not sufficient evidence upon which to submit the question of agency to the jury."

The trial court erred in overruling the demurrer of the defendant to the evidence of the plaintiff and in refusing to direct a verdict in favor of the defendant. In view of the conclusion thus reached, we find it unnecessary to discuss the other contentions of the defendant. Plaintiff contends that the acts of the purported agent. Pangburn, were ratified by the defendant. The evidence on this point fails to disclose such ratification. The cause is reversed and remanded, with directions to the trial court to enter a judgment in favor of the defendant.

Reversed, with directions.

BAYLESS, V. C. J., and RILEY, WELCH, GIBSON, and DAVISON, JJ., concur.