## WILLIS et al. v. AETNA LIFE INS. CO.

No. 28503.   Oct. 17, 1939.

Rehearing Denied Nov. 7, 1939.

R. E. Bowling, of Pauls Valley, for plaintiffs in error.

A. K. Little and Byrne A. Bowan, of Oklahoma City, for defendant in error

DANNER, J. On November 3, 1933, the Aetna Life Insurance Company brought suit against Helen Lee Willis and A. R. Willis to recover on a promissory note and to foreclose a mortgage on real property. Summons was served on the defendants on November 7, 1933, and the answer day therein was December 4, 1933. The defendants filed their motion to quash service of summons, which was overruled, and on January 19, 1934, the defendants filed a demurrer to the plaintiff's petition.

On February 7, 1934, after the answer day in the summons, the plaintiff amended its petition, without notice to the defendants, by making Gum Brothers Company, then in receivership in the federal court, an additional party defendant. On February 23, 1934, Fred S. Gum, receiver, without notice or service of summons on the defendants, filed in the cause his answer and cross-petition, in which he sought recovery from the defendants on a promissory note executed by them and to foreclose a second mortgage on the real property involved in the action. On February 26, 1934, three days after the filing of the answer and cross-petition by the receiver for Gum Brothers, the defendants filed their answer to the original petition, in which they admit the execution of the note and mortgage sued on by the plaintiff, and, pleading further, allege that the land in foreclosure was sold to another defendant in the case, with agreement of the latter to assume the mortgage; further, the defendants deny generally the allegations of the plaintiff's petition.

On November 6, 1935, on a hearing in which the defendants were represented by counsel, the court sustained plaintiff's motion for judgment against the defendants on the issues joined by the petition of the plaintiff and the answer of the defendants. On the same hearing the court rendered judgment, fixing the mortgage of the plaintiff as a first lien on the property and the mortgage of cross-petitioner as a second lien. On the following day the defendants filed their motion for new trial, in which it is alleged:

"Comes now the defendants, Helen Lee Willis, nee Morgan, and A. R. Willis, and move the court to vacate and set aside the judgment rendered herein on the 6th day of November, 1935, for the following causes, which affect materially the substantial rights of said defendants.

"(1) Irregularity of the court and abuse of discretion by which the defendants were prevented from having a fair trial.

"(2) The court erred in rendering judgment on the pleadings for the reason that the answer of said defendants raised an issue of fact upon which issue said defendants were entitled to a jury trial, and that said defendants did not waive a jury trial, but objected and served exceptions to the order of the court rendering judgment on the pleadings.

"(3) That the judgment is not sustained by sufficient evidence and is contrary to law.

"(4) Error of law occurring at the trial and excepted to by said defendants.

"(5) Error in the assessment of the amount of recovery upon the note, mortgage and amount allowed for attorney's fee."

Following an adverse ruling on the motion, the defendants filed objections to the confirmation of sale on the grounds that the sale was not conducted according to law and that the amount paid for the property was less than the judgment in the case, and that therefore the amount bid was insufficient in law. On the hearing on the motion to confirm the sale, and the defendants' objections thereto, on which hearing the defendants were represented by counsel, the court ruled adversely to the defendants and confirmed the sale in the plaintiff, the Aetna Life Insurance Company. No appeal from the judgment was taken

On January 23, 1937, the defendants filed

in the case their amended motion to vacate the judgment entered November 6, 1935, in favor of the receiver for cross-petitioner on the grounds that such judgment was void on its face; that the allegations in the cross-petition were insufficient to confer jurisdiction on the court to render judgment thereon; that the judgment roll does not show that the receiver had authority from the federal court to sue on the note and mortgage executed by the defendants in favor of Gum Brothers Company; that no revivor of the case as against Fred S. Gum, receiver, had been made and entered since his death; that the judgment in favor of John I. Gilbert, successor in office to Fred S. Gum, was void. From an order denying their motion to vacate the judgment, the defendants appeal.

In the absence of any showing to the contrary, it will be assumed that consent to the filing of suit by a receiver has been obtained or that such authority is contained in the order of appointment. Additionally, the objection may be waived. High on Receivers, section 254-A; 23 R. C. L. 126. Also, leave of court by which an equity receiver has been appointed need not be obtained before starting suit on a claim against a person or corporation of whose property the receiver has been appointed. Chicago Title & Trust Co. v. Fox Theatres Corp. (C. C. A.) 69 Fed.2d 60. 91 A. L. R. 991; A. G. McKnight, Receiver, v. Brozich (Minn.) 204 N. W. 917; 43 A. L. R. 1352. See, also, 53 C. J. 317.

On the question of revivor. The answer and cross-petition of the defendant Gum Brothers Company was filed February 23, 1934, by Fred S. Gum, receiver. On July 23, 1935; John I. Gilbert, as receiver, filed in the cause his answer to plaintiff's petition, in which he adopted and re-alleged all the allegations of the answer and cross-petition previously filed by Fred S. Gum, receiver. Again, no party to the suit objected to the appearance of the successor receiver or to the pleading filed by him. Judgment in the case was rendered in favor of the successor receiver. It is the general rule that where the court has jurisdiction of the parties and the subject matter, failure to revive after death of a party does not render void a judgment subsequently entered in the case. Pioneer Tel. & Tel. Co. v. Davis, 28 Okla. 783, 116 P. 432; Town of Jefferson v. Hicks, 33 Okla. 407, 126 P. 739, 41 L. R. A. (N. S.) 1053.

The defendants' objection to the sufficiency of the cross-petition is without merit. An examination of the petition shows that it contains all of the essential requirements to state a cause of action.

The principal ground relied upon by defendants for reversal of the judgment is that the court was without jurisdiction to enter the judgment for the reason that the defendants were not served with summons on the cross-petition and had no notice or knowledge of the pendency of the cross-petition until long after the judgment had been rendered and the land sold under order of sale issued at the request of the plaintiff; also that the cross-petition was filed after the answer date in the summons issued on plaintiff's petition. On this point the defendants rely principally on the case of Blakeney v. Ashford, 183 Okla. 213, 81 P.2d 309. In that case, in the syllabus, we held:

"Where, after the time for answer has expired as to a defendant who has been served with summons but makes default, a codefendant files a cross-petition against him, such defendant must be served with notice of the filing of the cross-petition before a judgment taken against him thereon will be valid, where he does not appear to contest said cross-petition or does not otherwise waive such notice."

We conclude that the decision in the Blakeney Case is not controlling under the facts presented in the present case. In two ways the court may acquire jurisdiction over the person of a defendant. First, by the service of process upon him; second, by his voluntary appearance and submission to the jurisdiction of the court. 3 Am. Jur. 784; Continental Gin Co. v. Arnold, 66 Okla. 132, 167 P. 613.

In support of the order denying defendants' motion to vacate the judgment, it is argued that the defendants entered their general appearance in the action for all purposes of the suit; first, by their appearance in court on the date judgment was entered and by presenting therein their answer to the plaintiff's petition; second, by filing and presenting their motion for a new trial; third, by their appearance in court on their objections to the confirmation of the sale.

The journal entry in the case was filed on the day judgment was entered, to wit, November 6, 1935. The journal entry recited the judgment in favor of the cross-petitioner. Defendants' motion for new trial was filed on the following day and was heard by the court on January 6, 1936. The motion was based on nonjurisdictional grounds. Likewise, defendants' objections to confirmation of the sale, filed on June

20, 1936, is based on nonjurisdictional grounds. It therefore appears that for six months following the filing of the judgment in court the defendants made various appearances in the action, and filed pleadings therein, in none of which did they appear specially for the purpose of challenging the jurisdiction of the cross-petitioner's judgment.

Generally, any appearance by a party to an action other than to challenge the jurisdiction of the court is a general appear- for the purposes of the action. Eureka Tool Co. v. Collins, 182 Okla. 552, 78 P.2d 1057; 6 C. J. S. 42.

In their briefs defendants do not argue the question of waiver, but rely upon, what they claim, is a discrepancy between the recitation in the journal entry and the minutes of the court clerk. The journal entry recites the judgment in favor of the receiver for cross-petitioner. The minutes of the court clerk are as follows:

"November 6, 1935

"Aetna Life Insurance Co.
        Plaintiff,
    vs.                    No. 5638
"Helen Lee Willis, et al.
        Defendants.

"Judgment for Pltf. foreclosing Mtg. as per J. E. Defts. allowed exceptions. Notes and Mtg. surrendered for cancellation."

On this point the defendants rely on the case of Abernathy, Agent, v. Huston, Treas., 166 Okla. 184, 26 P.2d 939. In that case it was held that where fraud, collusion, or deception is practiced upon the court in the procurement of the judgment, the court may, in a proper proceeding commenced for that purpose, vacate the judgment on the grounds that legal fraud had been perpetrated on the court. In the syllabus in that case we held:

"The act of the court clerk in entering judgment is ministerial in its nature, and the previous pronouncement of judgment by the court is an indispensable prerequisite to such entry. * * *

"The record of a judgment entered by the clerk without authority of law, as in cases where there has been no previous judicial action of the court, may be vacated or stricken from the records, when the existence of erroneous record is properly brought to the attention of the court."

The case relied upon is not controlling here, for the reason that in the present case it is not alleged or claimed that any fraud, collusion, or deception was practiced in obtaining the judgment sought to be vacated. Generally, in the absence of fraud or collusion, as between the recitals in the journal entry and the clerk's minutes, the former prevails. Wilson & Co. Inc., v. Shaw, 157 Okla. 34, 10 P.2d 448.

Under the record here, we conclude that the decision of this court in Boepple et ux. v. Estill, 181 Okla. 159, 72 P.2d 798, is controlling. Under the facts similar to those presented in the case at bar, we held that a defendant, by his general appearance in the action, waived the question of notice of the filing of the cross-petition. In the syllabus we held:

"Ordinarily, judgment may not be taken against a defendant on his codefendant's cross-petition filed after time for defendant to plead in the absence of notice of the filing thereof, but such notice is deemed waived where defendant, without timely objection, proceeds to trial, permits his codefendant to present his cross-petition and the court to render judgment thereon."

In the body of the opinion, we said:

"In the present case the foreclosure judgment shows upon its face that the defendants proceeded to trial, permitted the bank to present its cross-petition and the court to render judgment without objection from the defendants. Defendants had notice of such cross-petition and waived service of notice thereof by failure to lodge objections at the proper time. The purposes of the notices were therefore fully served and defendants cannot now be heard to complain."

In Sugg v. Thornton, 132 U. S. 524, 10 S. Ct. 163, 33 L. Ed. 447, it is said:

"Such a general appearance to contest a judgment on account of irregularities will, if the grounds therefor are not sustained, conclude the parties as to any further questioning of the judgment. A party cannot come into court, challenge its proceedings on account of irregularities, and after being overruled be heard to say that he never was a party in court, or bound by those proceedings. If he was not in fact a party, and had not been properly served, he can have the proceedings set aside on the ground of want of jurisdiction, but he must challenge the proceedings on that single ground."

In State of Wisconsin ex rel. Nelson v. Grimm, Judge (Wis.) 263 N. W. 583, 102 A. L. R. 220, it was held in the syllabus:

"If a party desires to take advantage of want of service of process sufficient to give the court jurisdiction of his person, by moving to set aside the proceedings on that

ground, he must appear specially for that purpose and keep out of court for all others."

The judgment of the trial court is affirmed.

WELCH. V. C. J., and CORN, GIBSON, and HURST, JJ., concur.