## AETNA LIFE INSURANCE CO. v. MOSBURG.

No. 29708.   Jan. 21, 1941.

*109 P. 2d 493.*

Darnell & Gibson, of Clinton, and W. D. Calkins, of Oklahoma City, for plaintiff in error.

Meacham, Meacham & Meacham, of Clinton, for defendant in error.

PER CURIAM. The plaintiff in error, hereinafter referred to as plaintiff, foreclosed a mortgage on certain farm property in Custer county, and thereafter, on February 3, 1936, purchased the same at sheriff's sale. The defendant in error, hereinafter referred to as defendant, made a deal with the mortgagor under which he held possession of said property until January 1, 1937, and harvested a wheat and oat crop. When plaintiff obtained possession of said premises it demanded that defendant pay rent for the period that he had occupied said land. The defendant refused to make such payment, and this action followed. The defendant in his answer alleged that he had paid rent to the mortgagor at the direction of an agent of the plaintiff, and therefore was not liable for the rents, and that plaintiff was estopped to maintain the action. The allegations of agency and authority were denied by verified reply. Upon the issues thus framed, trial was had to a jury. Verdict was returned in favor of the defendant, and plaintiff has prosecuted this appeal.

The plaintiff assigns five specifications of error, which read as follows:

"(1)   That said court erred in refusing to sustain plaintiff in error's demurrer to the evidence of the defendant in error.

"(2)   That the court erred in admitting evidence on the part of the defendant in error.

"(3)   That said court erred in refusing and ruling out competent and legal evidence on the part of the plaintiff in error.

"(4)   That the court erred in refusing to give the following instructions requested by the plaintiff in error: 'Gentlemen of the jury, you are instructed that from the evidence introduced, plaintiff is entitled to recover from the defendant, and you are instructed to return a verdict for the plaintiff, and to fix the amount of plaintiff's recovery, to be determined from the evidence herein, based upon one-third of the value of the grain crops as of July 8, 1936, plus the cash value of the improvements and pasture.'

"(5)   That the court erred in giving the following instructions to the jury to wit: 'Instruction No. 4—You are

instructed that in dealing with a known agent, one has a right to presume that the agency is general and not special, and that such agent is acting within the scope of his authority, and the principal will be bound by the act of the agent.'"

The uncontradicted evidence shows that plaintiff purchased the premises at sheriff's sale on February 3, 1936, and that defendant had knowledge of this fact, and that he thereupon entered into negotiations with mortgagor which culminated on June 24, 1936, in the execution of a quitclaim deed by the mortgagor and his wife to the defendant, which deed purported to convey to the defendant all their interest in the premises which had been previously sold by the sheriff to the plaintiff; that the defendant thereupon harvested a wheat and oat crop from said premises and sold the same and paid the grantor the consideration recited in the aforesaid quitclaim deed, and that the defendant continued to occupy said premises until January 1, 1937. The evidence upon which the defendant relied to establish his claim of agency was his testimony, over the the objection and exception of plaintiff, to a conversation had on July 17, 1936, with a person who, upon suggestion from his counsel, he identified as being one Costello, and who had, prior to June 15, 1936, been an agent of the plaintiff and in which conversation the defendant testified that Costello had stated that the rent from said premises was payable to the mortgagor. The evidence relative to the amount of rent due from the lands during the period it had been occupied by the defendant was such as to present a question of fact for determination by the jury. The trial court therefore did not err when it overruled and denied the plaintiff's demurrer to the evidence of the defendant.

Under the evidence the plaintiff was entitled to the rents and profits which had accrued from the date it purchased the land at sheriff's sale. Harris v. Stevens, 84 Okla. 196, 202 P. 1024. The evidence of the defendant wholly failed to establish the existence of agency which he alleged existed, and also its nature and extent. This he had the burden of doing before he could avail himself of the defense which he sought to establish. McDonald v. Strawn, 78 Okla. 271, 190 P. 558; Garland v. Frazier, 177 Okla. 493, 61 P. 2d 188; Eureka Tool Co. v. Collins, 182 Okla. 552, 78 P. 2d 1057. The evidence of the defendant, taken in its most favorable light, merely showed that he had purchased the interest of the mortgagor in the premises and that the moneys that he had paid to said mortgagor were for the .deed he had received, and that he had never rented the same, and further failed to show that the plaintiff had either authorized or acquiesced in such transaction. Under the evidence in this case the sole question which should have gone to the jury was the amount of plaintiff's recovery, and therefore it was error to deny and refuse plaintiff's requested instruction to this effect. On account of this error the cause is reversed and remanded for a new trial in accordance with the views herein expressed.

WELCH, C. J., CORN, V. C. J., and BAYLESS, HURST, and DAVISON, JJ., concur.