**W. J. MURPHY, Appellant (Defendant and Third-Party Plaintiff below),**

v.

**SMITH TRAILER SALES, INC., a Wyoming Corporation, Appellee (Plaintiff below),**

v.

**BALBOA INSURANCE CO., a Corporation, and Gerald D. Smith, Appellees (Third-Party Defendants below).**

**No. 4506.**

Supreme Court of Wyoming.

Jan. 21, 1976.

John Burk, Casper, signed the brief and appeared in oral argument on behalf of appellant.

Harry E. Leimback, Casper, signed the brief and appeared in oral argument on behalf of appellee, Smith Trailer Sales, Inc.

Elmer J. Scott, Scott & Jones, Worland, signed the brief and appeared in oral argument on behalf of appellee, Balboa Ins. Co.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

RAPER, Justice.

This appeal involves what started out basically an action in replevin but became complex litigation as a result of a counterclaim by the defendant-appellant, William James Murphy, against the plaintiff-appellee, on top of which was imposed a third-party complaint by the defendant against the third-party defendants-appellees, Gerald D. Smith and the Balboa Insurance Company, the latter joining Eugene F. Murphy and Barbara J. Murphy, husband and wife, also as third-party defendants. Eugene and Barbara Murphy are not parties to this appeal.

The third-party defendant, Gerald D. Smith, is the president of plaintiff, Smith Trailer Sales, Inc., Casper, Wyoming, engaged in the business of selling mobile homes and trailers. Smith was licensed to write mobile home and trailer insurance for Balboa. As insurance agent, he was appointed by and looked to J. E. Wells, Los Angeles, California, as managing general agent for Balboa. In June, 1969, Barbara and Eugene Murphy purchased a

Marlette mobile home from the plaintiff, the balance remaining on the purchase price being financed by a security agreement. Smith, as agent for Balboa, issued a five-year policy of insurance on the mobile home, the cost being added to the contract.

In the spring of 1970 the mobile home suffered damage from a severe windstorm. The loss was reported to Smith, who assigned the adjustment of the loss to the General Adjustment Bureau of Thermopolis, Wyoming, in accordance with instructions of Balboa. The loss was adjusted to the satisfaction of both Balboa and third-party defendants, the Eugene Murphys, and paid.

The mobile home suffered a second wind damage sometime during the latter part of January, 1971. That loss was reported to Smith, who again assigned the claim to General Adjustment Bureau for handling. At about this same time, the defendant, cross-complainant and third-party plaintiff executed a promissory note in favor of Smith Trailer Sales, Inc., in an amount of $11,081.40 for the purchase of the Marlette mobile home, at the same time executing a security agreement covering the mobile home as security for the payment of the promissory note. This Marlette mobile home is the same mobile home owned by Eugene and Barbara Murphy. They had become delinquent in their payments and the defendant, William James Murphy, took title and assumed the secured indebtedness in order to bail them out.

At the time defendant executed the promissory note and security agreement, putting up the mobile home as collateral to secure payment, he issued a check to the plaintiff in the amount of $1,075.00. He made only one payment thereafter in the amount of $481.80 the following February, 1971. In November, 1971, after defendant refused peaceable possession, under the terms of the security agreement in case of default, plaintiff filed this replevin action and seized custody of the subject mobile home. At the time of repossession, the balance due under the promissory note and security agreement was $9,966.00.

It is the contention of the defendant that when he signed the promissory note and security agreement, one of the terms of the assumption was a guaranty made to him by Gerald Smith, as an officer and agent of Smith Trailer Sales, also as agent for the Balboa Insurance Company, that all insured wind damage would be adjusted to his complete satisfaction. He contended that the second wind damage was never taken care of and for that reason he was justified in withholding payments under the note and security agreement until the alleged damage was repaired. In this connection, it is also the claim of defendant that since Smith's conduct was deliberate and intentional in withholding performance of the warranty, the note and security instrument should be cancelled and defendant awarded substantial damages for alleged losses against plaintiff, Smith Trailer Sales, Inc., Smith, as an individual, and Balboa, as principal of Smith.

At the close of defendant's evidence on his cross-claim and third-party complaint, Balboa moved for dismissal of defendant's third-party complaint as to it on three grounds: (1) defendant failed to prove any authority in Smith to make the alleged representations; (2) if the defendant had any claim at all, it should have been for breach of contract for failure to repair the mobile home; and (3) the alleged representations of Smith were not of a past or present fact, but of something to be done in the future. Balboa argues the same, here. The trial judge dismissed the third-party complaint against Balboa and since Balboa's claim against the Murphys was one for indemnity in the event Balboa should be held liable, the claim against them was also dismissed.

The case was tried to a jury; it returned three verdicts as follows:

"We, the jury, duly sworn and empanelled to try the above entitled case, do

find generally in favor of the Plaintiff, Smith Trailer Sales, Inc., and against the Defendant, W. J. Murphy, and assess Plaintiff's damages as follows:

| | |
|---|---|
| "Promissory Note | $4,000.00[1] |
| "Attorney's fees on Promissory Note | 3,322.00 |
| "Cost of Repossessing Trailer | 605.39" |

"We, the jury, duly sworn and empanelled to try the above entitled case, do find generally in favor of the Plaintiff, Smith Trailer Sales, Inc., and against the Defendant, W. J. Murphy * * *."

"We, the jury, duly sworn and empanelled to try the above entitled case, do find generally in favor of the Third Party Defendant, Gerald D. Smith, and against the Third Party Plaintiff, W. J. Murphy, * * *."

The court entered judgment on the verdict for damages and gave possession of the mobile home to the plaintiff.

The defendant-appellant asserts that there are two grounds of error.

1. The granting of the motion to dismiss third-party defendant, Balboa Insurance Company, was in error in that Balboa was a principal of agent Gerald Smith as a matter of law, notwithstanding the statutory language of § 26.1–158(a), W.S.1957, A 1967 [sic].[2]

2. The trial court's inclusion, in the judgment, of an order of delivery to the plaintiff was without legal foundation since the verdict of the jury was silent as to the property claimed by the plaintiff.

■ The defendant has the impression that Balboa relies on some sort of argument that J. E. Wells, its general agent, is the defendant's principal and not Balboa. Balboa makes it clear that such is not the case and frankly admits that Balboa is principal and the defendant is its agent. That being Balboa's position, any thrust with respect to § 26.1–158(a) is meaningless. The real point in that regard is the extent of Smith's authority. Was it within the scope of his agency to bind Balboa on a warranty intertwined with the financing of trailers sold by plaintiff, as visualized by defendant? We think not.

We agree with the trial court in his dismissal of the cause and action against Balboa. A careful review of the record discloses that the defendant presented no evidence to show that Balboa had in any way authorized Smith to bind it other than to write policies of insurance, such as that here protecting against wind damage and other casualty losses, with which we are not concerned. Any liability it would have is limited to its contract of insurance and not in tort. There is no showing that Smith had authority to relate insurance adjustment to damages which might arise out of the financing arrangements between the seller and buyer of mobile homes.

■ It was the burden of defendant to prove the limits of an insurance agent's authority under the circumstances of this case, in order to embrace his theory of liability. The burden of establishing the extent of an agency rests upon the one who asserts it. *Lamb v. General Associates, Inc.,* 1962, 60 Wash.2d 623, 627, 374 P.2d 677, 680; *Farmers Automobile Inter-Insur-*

---

1. The amount of the jury's verdict takes into account the salvage value of the trailer at time of repossession, being in an amount somewhere around $5,000.00. It is indicated by the evidence that the value was low because of mistreatment of the interior and its poor inside condition as a result.

2. Section 26.1–158(a), W.S.1957, C.1967, provides that: ■

"A managing general agent is an individual, firm or corporation who, as an independent contractor, is appointed by one or more insurers for the principal purpose of exercising general supervision over the business of the insurer in all or part of Wyoming, with authority to appoint agents for such insurers and to terminate such appointments."

ance Exchange v. Little, 1942, 191 Okl. 244, 245, 129 P.2d 70, 71; *Aetna Life Insurance Co. v. Mosburg,* 1941, 188 Okl. 371, 372, 109 P.2d 493, 494; *Williams v. International Harvester Co.,* 1943, 172 Or. 270, 292, 141 P.2d 837, 846; *M & M Enterprises v. Kaul,* Okl.1963, 383 P.2d 621, 623. See also Couch on Insurance 2d § 79:322, p. 621.

We need not decide whether an insurer is liable for the fraud of its agent when acting within the scope of his actual or apparent authority because the defendant has failed to show any actual or apparent authority to bind Balboa as guarantor in connection with mobile home financing. The only evidence present in the record is that Smith had authority to issue an insurance policy to defendant.

The defendant made no claim against Balboa for breach of its insurance contract nor did he offer to amend his complaint against Balboa upon the trial court dismissing defendant's claim against Balboa for fraud and breach of warranty going to financing terms in connection with the mobile home. This would have been unavailing. The evidence is overwhelming that the loss which defendant claims was never adjusted was, in fact, fully adjusted, the trailer was repaired and defendant was issued a check for cosmetic damage. He signed a release. The jury could do nothing but find his claim to be without basis.

There is no need to decide Balboa's further points of argument because the agent Smith's lack of authority to bind Balboa is dispositive of defendant's claim. We note that since the jury found in favor of the agent Smith on all counts and against the defendant, that would probably dispel any claim against Balboa but we need not decide the point.

The defendant claims it to be error that the jury's verdict failed to mention and find that plaintiff was entitled to possession of the trailer and so, therefore, defendant is entitled to possession and the court's judgment is erroneous. The jury made a general finding, " * * * in favor of the Plaintiff, Smith Trailer Sales, Inc., and against the Defendant, W. J. Murphy, * * *." The defendant did not request nor did the court submit to the jury any form of special verdict by which it would return written findings upon each issue of fact pursuant to Rule 49, W.R.C. P. A general verdict in favor of a party includes a finding on every material and necessary fact in issue submitted to the jury. *O'Brien v. General Motors Acceptance Corporation,* Wyo.1961, 362 P.2d 455, 457. The submission or failure to submit special interrogatories to the jury is in the sound discretion of the trial judge. *North Central Gas Co. v. Bloem,* Wyo.1962, 376 P.2d 382, 385, and authorities there cited. A general verdict for the plaintiff in a replevin action carries with it a finding that the plaintiff is entitled to recover possession and property under its security agreement with the defendant, upon his default. *Jones v. Parker,* 1929, 39 Wyo. 423, 433, 273 P. 687, 691; *Gregory v. Morris,* 1875, 1 Wyo. 213, 222, aff. 96 U.S. 619, 24 L.Ed. 740.

Affirmed.